IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 23CR91-02-CKK |
| | ) | |
| GUANGHUA JIN | ) | |

### RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

Guanghua Jin opposes the government's motion for a blanket half-year exclusion of time under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161. The government seeks this lengthy exclusion without any justifiable basis, while Mr. Jin languishes in jail in pretrial custody. For the reasons that follow, the half-year exclusion sought by the government should be denied because it would violate Mr. Jin's rights under the STA.

### BACKGROUND

The government has been investigating this matter for over five years, but likely longer. We know this, because the government employed an undercover agent in this case as early as May 2019 to develop what it believed would be incriminating evidence against Mr. Jin and others. As it turned out, the evidence developed through the government's undercover operation shows beyond any doubt that Mr. Jin did not intend to violate the law: not United States law, and not *any* law.

Undeterred, the government has pressed forward with charges against Mr. Jin. The government obtained an indictment against Mr. Jin and others on March 21, 2023–now **over 21 months ago**. Mr. Jin was arrested in Australia, where he legally resides with his family. Although he did not contest extradition to the United States, he was held in custody in Australia

1

for a period of **18 months**. Since his extradition to the United States on or about September 30, 2024, Mr. Jin has been ordered detained pending trial. He is housed at the Alexandria Detention Center.

In its motion for a 180-day exclusion under the STA, the government presents a number of arguments as to why the Court should grant this blanket exclusion. For the reasons that follow, the government's arguments are meritless and its efforts to delay Mr. Jin's trial should be rejected. Imposing the blanket exclusion sought by the government would violate Mr. Jin's rights, and the public's interests, under the STA.

## ARGUMENT

I.   **The Speedy Trial Act.**

As relevant here, the STA provides that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days ... from the date the defendant has appeared before a judicial officer of the court in which such charge is pending.

18 U.S.C. § 3161(c)(1).

The Speedy Trial Act's ends-of-justice exception—set forth in § 3161(h)(7)(A)—is applicable only where certain stringent requirements are met:

> Although the substantive balancing underlying the decision to grant an ends-of-justice continuance is entrusted to the district court's sound discretion, the findings requirement imposes procedural strictness[.] At the minimum, the district court's findings must indicate that it seriously weighed the benefits of granting the continuance against the strong public and private interests served by speedy trials.

*United States v. Bikundi*, 926 F.3d 761, 776–77 (D.C. Cir. 2019) (internal citations and quotation marks omitted).

The Speedy Trial Act explicitly prohibits an end-of-justice exception for delays due to "lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for

2

the Government." 18 U.S.C. § 3161(h)(7)(C). The legislative history to this provision reflects that Congress sought to ensure that the government would "effectively utilize [its] manpower and resources so that defendants may be tried within the time limits provided by the bill." H.R. Rep. No. 93-1508, at tit. 1 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7401, 7426.

## II. The Government Has Failed to Show That A Blanket 180-Day STA Exclusion Is Warranted Or Permissible.

In its motion, the government makes several arguments to support its request for a 180-day exclusion from the STA. These arguments are meritless.

### A. The fact that three other defendants are charged is not a basis to grant the STA exclusion the government seeks.

First, the government asserts that the fact that four defendants are charged is a basis to grant the exclusion. ECF 33, Gov't Mot. at 7. Yet, the cases cited by the government involved significantly more than four defendants. *See United States v. Butz,* 982 F.2d 1378, 1381 (9th Cir. 1993) (involving nine co-defendants); *United States v. DiTommaso*, 817 F.2d 201, 211 (2d Cir. 1987) (referring to "numerous" co-defendants); *United States v. Burton,* 2000 WL 2019169 (5th Cir. July 14, 2000) (involving 12 defendants); *United States v. Ambrosio*, 898 F. Supp. 177, 192 (S.D.N.Y. 1995) (involving 17 defendants). More importantly, although the government has stated that "other defendants in this case are believed to be located overseas and have not yet been apprehended," ECF 33 at 7-8, the government knows that these defendants will never be brought to trial with Mr. Jin because they are located in either China or North Korea, countries that have no extradition treaty with the United States and thus would never extradite individuals to face trial here. Moreover, even assuming that these individuals were located in extraditable countries, it appears that the government has taken no steps whatsoever to apprehend them and bring them to trial. *See, e.g.*, ECF 33 at 7 (noting merely that co-defendants "are believed to be

3

located overseas").[1]  Thus, the fact that three other defendants are charged presents no basis to exclude half a year from the STA.

### B. The nature and complexity of the case does not justify the STA exclusion sought by the government.

Second, the government argues that the nature and complexity of the evidence in this case compels an ends-of-justice continuance of 180 days.  Mr. Jin disagrees.  The government stated during the December 6, 2024 status hearing that it has already completed production of discovery to the defense.  Since it was the government that obtained and reviewed all of this material during the course of its investigation, the government does not and cannot argue that it needs additional time to review discovery.  Instead, the government's argument is based on its assertions regarding time that *the defense* needs to review the discovery.  The government's position should be given no weight because Mr. Jin is in the best position to determine the time needed to review discovery and prepare for trial.

Mr. Jin and his defense counsel have been reviewing the discovery.  We assert that a trial within the 70-day STA period–with otherwise applicable exclusions under 3161(h)(1)(D) for the filing and resolution of pretrial motions by the Court–is a sufficient period of time in which to prepare for trial.  This fact also distinguishes Mr. Jin's case from the cases the government has cited in support of its argument that the complexity of the case justifies an ends-of-justice

---

[1] Importantly, the government does not invoke § 3161(h)(3), which addresses delay relating to the government's efforts to apprehend fugitives, nor could it.  Courts evaluating whether the government has met its burden under § 3161(h)(3) have closely scrutinized the government's efforts to apprehend the alleged fugitive, and have engaged in highly detailed fact-finding on this issue.  *See, e.g.*, *United States v. Weaver*, 949 F.Supp.2d 73, 74-77, 82 (D.D.C. 2013) (making detailed factual findings regarding the steps the government took to locate and apprehend fugitive defendant, and concluding that the government's efforts to apprehend the fugitive defendant were "too few and largely ineffectual.").  Here, unless the government shows that it has taken diligent steps to apprehend the co-defendants and bring them to trial, the number of co-defendants is not a basis to grant the lengthy exclusion sought by the government.

4

exclusion.[2]  *See United States v. Morrow*, 102 F. Supp. 3d 232, 242 (D.D.C. 2015) (defense counsel agreed that the case was complex and agreed that an exclusion was necessary to prepare for trial); *United States v. Banks*, 761 F.3d 1163, 1176 (10th Cir. 2014) (reflecting that it was *defense counsel* who requested multiple ends-of-justice exclusions); *United States v. Stoddard*, 74 F. Supp. 3d 332, 339 (D.D.C. 2014) (defendant and co-defendants consented to the complex case designation); *United States v. Burwell*, 79 F. Supp. 3d 1, 9 (D.D.C. 2015) ("Burwell's counsel . . . indicated on the record in the presence of Burwell, that this was a complex case under the Speedy Trial Act, allowing for tolling of the Act for a reasonable period of time in order to prepare the case."); *United States v. Shaw*, 510 F. Supp. 2d 148, 152 (D.D.C. 2007). The government's assertions regarding the amount of time Mr. Jin needs to prepare for trial, and the authority on which the government relies, should be given no weight by the Court in light of Mr. Jin's own assessment of the time he needs to prepare for trial.

### C. The existence of foreign witnesses does not justify an STA exclusion of 180 days.

The government also asserts that the continuance sought is necessary because "the government may need to go through the Mutual Legal Assistance Treaty (MLAT) process to secure the presence of . . . foreign witnesses." ECF 33, at 2. This is mere speculation. The government has not shown, or even attempted to show, that a 180-day continuance is necessary to secure the appearance of foreign witnesses. The lack of such a showing at this stage is significant, because Mr. Jin was arrested in Australia over 21 months ago. The government's

---

[2]   *United States v. Speight*, 941 F. Supp. 2d 115, 118 (D.D.C. 2013), the only case cited by the government in support of this argument where defense counsel did *not* concede the complexity of the case, the defendant was charged with multiple other individuals who were before the Court for trial, and where the court denied his motion to sever.  Thus, his STA calculation was based on that of the slowest-moving codefendant in the case.  *Henderson v. United States*, 476 U.S. 321, 323 n. 2 (1986).  But as discussed more fully before, Mr. Jin is the only defendant before the Court in this case.

5

failure to take steps to prepare for his trial over the past 21 months would reflect precisely the "lack of diligent preparation" for which STA exclusions are prohibited. Moreover, based on information provided in discovery, it appears that most or all of the foreign witnesses that the government refers to are in fact individuals who themselves knowingly violated sanctions laws but were given a pass to cooperate with the government. Thus, they are readily available to the government. In any event, the government has put no evidence before the Court to establish that an exclusion of 180 days is necessary for the purpose of securing witnesses.

For all of the foregoing reasons, there is no basis for this Court to find that the need for a continuance outweighs the "strong public and private interests served by speedy trials." Mr. Jin has already been detained for over 21 months, and does not require a 180-day exclusion to prepare for trial. The public also has an interest in a speedy trial in this matter. Moreover, the only reason the government may need such an extension appears to be the result of its own lack of diligence.

Additionally, aside from the STA, it is also important to note that Mr. Jin's constitutional right to a speedy trial is at play as well. *See, e.g.*, *United States v. Hensley*, No. 1:18-CR-00270-RMM, 2024 WL 3673612 (D.D.C. Aug. 5, 2024) (dismissing with prejudice on Sixth Amendment grounds where defendant detained for 15 months was prejudiced by unnecessary delay).

## CONCLUSION

For all of these reasons, the Court should deny the government's motion for a 180-day ends-of-justice exclusion under the STA.

Respectfully submitted,

By:/s/ Eugene Gorokhov
Eugene Gorokhov, Esq.
DC Bar No. 979785
BURNHAM & GOROKHOV, PLLC
1634 I Street NW, Suite 575
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing motion via ECF which automatically sends a copy to all counsel of record.

                                              Respectfully submitted,

                                              <u>By:/s/ Eugene Gorokhov</u>
                                              Eugene Gorokhov, Esq.