**Exhibit 3**



**BURNHAM & GOROKHOV, PLLC**

1634 I Street NW, Suite 575, Washington, DC 20006
Telephone: 202-386-6920  Facsimile: 202-765-2173

Eugene Gorokhov, Esq.
eugene@burnhamgorokhov.com
*Licensed to practice in Virginia
and the District of Columbia*

February 25, 2025

**VIA EMAIL**

Steve Wasserman
United States Attorney's Office
District of Columbia
601 D St NW
Washington, DC 20004

      Re:    *US v. Jin Guanghua*, Case No. 1:23-cr-91—*Additional Requests for Discovery and Brady Materials.*

Dear Counsel,

I write to follow up on our requests for discovery in this matter dated February 17, 2025, the request for a bill of particulars of the same date, and my prior request for additional information regarding the iCloud data seized pursuant to a search warrant, requested by email on December 17, 2025. The below specific requests are intended to supplement, but not replace, the previous requests.

    I.    **All recordings of Mr. Jin**. Pursuant to Rule 16(a)(1)(B), please confirm that the government has produced all recordings, in their complete form, of conversations and/or meetings in which Mr. Jin was a participant. Please note that the government has produced in discovery a call that occurred on May 22, 2019 (file named "2019-05-22_21-52-10_EDT"), but the recording of that call cuts off abruptly and appears to be incomplete.

    II.    **Reports and notes of interactions involving undercover agents**. Pursuant to Rule 16(a)(1)(E), please produce all reports and notes of all interactions, including but not limited to conversations and meetings, between any undercover agent and any defendant charged in the indictment or alleged unindicted co-conspirator.

    III.    **All written communications with the undercover agents and employees or agents of** ▇▇▇▇. Pursuant to Rule 16(a)(1)(E), please produce all communications between undercover law enforcement agents and any charged defendant or alleged unindicted co-

1

conspirator. Such communications should include, but are not limited to, emails, letters, text messages, and any communication sent through text or chat applications. The discovery produced to date reflects that the defendants may have used text or chat applications (such as WeChat and WhatsApp) to communicate with "Roberto Gonzalez," other undercover agents, and ▮ employees/representatives. However, we have not received such communications in the discovery. Additionally, during a May 15, 2019 call between "Roberto Gonzalez" and James Han, Gonzalez claims to have received a "letter" from Mr. Jin. However, no such letter or other communication, including email, text message, or chat, has been produced in discovery.

IV. **Emails and other communications identified in the indictment.** Pursuant to Rule 16(a)(1)(E), please produce all emails and other recorded communications that have been specifically identified in the indictment. Many of the emails that are referenced in the indictment do not appear in the discovery produced. For example, paragraph 51 of the indictment refers to a number of emails that co-defendant SIM sent and received from 2017 to 2018. We have been unable to locate any of these emails in the government's discovery production.

V. **All attachments to email communications.** The discovery produced to date includes numerous emails indicating that they were originally sent with attachments. Some of the emails explicitly refer to the attachments by, for example, asking the recipient to review the attachment. The government's discovery production does not include the attachments for these emails. Pursuant to Rule 16(a)(1)(E), please provide these documents in their original format, to include the relevant attachments.

VI. **Documents relating to blocked, declined, or frozen transactions.** Pursuant to Rule 16(a)(1)(E), please produce all documents received by banks (including both U.S. banks and foreign banks) relating to blocked, declined, or frozen transactions in connection with this case. This request includes any documents or communications that a bank received from any defendant or alleged co-conspirator, or from another bank, in connection with the blocked, declined, or frozen transaction.

VII. **Bills of lading and other shipping records.** Pursuant to Rule 16(a)(1)(E), please produce all shipping records, including bills of lading, relating to any transaction that is allegedly involving ▮ and/or any of the ENTITIES from 2009 through 2019. Although the indictment alleges that the conspiracy began in 2009 and ended in 2019, in the discovery produced to date, there are no bills of lading from 2009 through 2012.

VIII. **Records for financial transactions identified in the indictment.** Pursuant to Rule 16(a)(1)(E), please produce all records pertaining to transactions that are specifically

2

identified in the indictment. Many transaction records from financial institutions appear to be missing. For example:

A. Paragraphs 54(b) and (c) of the indictment describe a series of payments in 2013 and 2017 whereby the ENTITIES allegedly used Chinese front companies to facilitate payments to Tobacco Company 1. These payments were allegedly processed by U.S. financial institutions. The transaction records from the related financial institutions do not appear in the discovery provided to date.

B. Similarly, paragraph 56 of the indictment describes two payments of $250,000 and $220,000 in March 2019, originating from UAE front companies 1 and 2, related to purchases of tobacco allegedly arranged by the ENTITIES. The transaction records from the financial institutions that processed these two transactions do not appear in the discovery provided to date.

C. Paragraph 50 of the indictment describes a series of payments from various DHID front companies to the Entities from 2009 through 2016. These transactions were allegedly processed by U.S. financial institutions, yet the discovery produced to date does not contain the transaction records for all but one of these transactions.

Finally, while these requests are made under Rule 16, to the extent the underlying documents or material contain any information that is exculpatory or otherwise favorable as to Mr. Jin, or impeaching as to a government witness, the government is under an independent obligation to promptly produce those documents and material under *Brady v Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). For example, given the substance of the discussion between Mr. Jin and "Roberto Gonzalez" during their July 11, 2019 meeting, we believe it is likely that other communications between Mr. Jin and Gonzalez and other employees of █ will contain exculpatory information subject to disclosure under *Brady*.

Because the foregoing documents are crucial to our ongoing efforts to prepare for trial, we ask that the government produce these documents by no later than March 3, 2025, which is also the deadline set in the Court's scheduling order.

Respectfully,

Burnham & Gorokhov, PLLC

By: Eugene Gorokhov, Esq.

CC: Christina Clark
    Benjamin Koenigsfeld