**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CASE NO. 23-CR-291-02 (CKK) |
| JIN GUANGHUA | : | |

## <u>NOTICE OF EXPERT WITNESS</u>

The United States of America, by Edward R. Martin, Jr., United States Attorney, Steven B. Wasserman and Stuart Allen, Assistant United States Attorneys for the District of Columbia, and National Security Division Trial Attorney Christina Clark files this Expert Notice.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the government hereby provides notice of the following expert witness whom the government may call in its case-in-chief at trial. The government also hereby requests reciprocal discovery, pursuant to Rule 16(b)(1)(C), regarding any expert witness whom either defendant intends to call at trial.

The government intends to call Emily Williams of the U.S. Department of the Treasury, Office of Foreign Assets Control (OFAC). This witness's testimony will be based upon, *inter alia*, her academic and professional training and experience, her review of applicable laws, policies, and procedures regarding U.S. sanctions, and her review of the particular transactions involving the defendants that are subject to U.S. sanctions, including any relevant agency records. The opinion offered by this witness will not be based on any classified information. A statement of the witness's qualifications is attached, and a description of the anticipated testimony is set forth below.

Ms. Williams is an Enforcement Officer in OFAC at the U.S. Department of the Treasury. OFAC is a component of the U.S. Department of the Treasury that administers and enforces economic and trade sanctions based on U.S. foreign policy and national security goals against

1

targeted foreign countries and regimes, and other threats to the national security, foreign policy, or economy of the United States. OFAC has authority under certain statutes, Executive Orders, and implementing regulations, including the International Emergency Economic Powers Act ("IEEPA"), the North Korea Sanctions Regulations ("NKSR"), and the Weapons of Mass Destruction Proliferators Sanctions Regulations ("WMDPSR").

Ms. Williams will explain for the jury how a sanctions program works. Typically, a sanctions program is established via an Executive Order to address a national emergency. Once the President declares a national emergency, IEEPA authorizes the President to impose economic sanctions in order to address unusual and extraordinary threats related to the emergency. The Secretary of the Treasury, who the President often delegates to implement and enforce sanctions, redelegates the administration of those sanctions within the Treasury Department to OFAC. As Ms. Williams will explain, a sanctions program typically involves prohibitions, exemptions, and authorizations, including licenses; prohibitions are generally on activity by U.S. persons and activities by non-U.S. persons that take place within or through the United States. In the context of a sanctions program, OFAC has the authority under IEEPA to issue individualized licenses, which authorize certain activity that otherwise would be prohibited. Essentially, sanctions prohibit the activity, but, through the administration of sanctions, OFAC can authorize activity that is otherwise prohibited. Any party can apply to OFAC for a specific license or request interpretive guidance regarding the application of certain sanctions provisions to a particular transaction or other situation.

Concerning the North Korean sanctions program, Ms. Williams will describe the applicable prohibitions, restrictions, and requirements regarding transactions subject to U.S. economic and trade sanctions laws and regulations. She will briefly describe IEEPA, and the relevant Executive

Orders issued by United States Presidents that have subjected North Korea and North Korean banks to a comprehensive trade embargo. She will explain how the Executive Orders have empowered the Secretary of the Treasury to promulgate the NKSR, which include prohibitions against the exportation or re-exportation of goods, technology, or services (including financial services), directly or indirectly, from the U.S. or by a U.S. person to North Korea. She will also explain how the NKSR prohibits U.S. persons (including U.S. financial institutions) from dealing in the blocked property interests of the Government of North Korea, including North Korea's Foreign Trade Bank ("FTB").

Ms. Williams will further explain how those Executive Orders empowered the Secretary of the Treasury to promulgate the WMDPSR, which include prohibitions against the making of any contribution or provision of funds, goods, or services (including financial services) by, to, or for the benefit of any person designated pursuant to Executive Order 13382, including FTB and Korea Kwangson Banking Corporation.

Ms. Williams will further explain how the NKSR and WMDPSR generally prohibit any transaction that evades or avoids, has the purpose of evading or avoiding, or, in the NKSR and IEEPA more broadly, causes a violation of U.S. sanctions laws and regulations.

Ms. Williams will additionally explain how the NKSR, WMDPSR, and IEEPA further prohibit any conspiracy to violate the same.

Ms. Williams will also describe the licensing application process employed by OFAC. She will testify regarding the defendants' licensing history and will establish that none of the individuals or entities listed below, which include defendants Jin Guanghua, Sim Hyon-Sop, Qin Guoming, and Han Linlin, ever obtained a specific license from OFAC to export or re-export any item or service to North Korea:

1. Jin Guanghua, a.k.a., "James Guanghua," a.k.a., "Jimmy Guanghua"
2. Qin Guoming
3. Han Linli, a.k.a., "Henry Han," a.k.a., "James Han," a.k.a., "Jery Han"
4. Sim Hyon-Sop, a.k.a., "Sim Ali," a.k.a., "Hajim Ali," a.k.a., "Hajim Sim"
5. Ryugyong Corporation
6. Naegohyang Joint Venture Company
7. Winney International Business Co Limited
8. Winney Trading Co Limited
9. Dandong Winney Trading Co LTD
10. Winney Tobacco FZCO
11. Goldfield Tobacco FZCO
12. Winney FZCO
13. Bluebay FZCO
14. Ganzhou Guanli Supply Chain Management Co LTD
15. Kotobuki Trading Co LTD
16. Art Friend Limited
17. Arton Management Limited
18. Beluka Limited
19. Big Era Limited
20. Bit Exchange Co Ltd
21. Blue Sea Business Company Limited
22. Carbuncle Business Company Limited
23. Cooperativa De Tabacaleros De Jujuy
24. Dandong Dongyuan Industrial Co Ltd
25. Dandong Hongxiang Industrial Development Co
26. Eco Invest Business Group Limited
27. Faith Surplus Trading Development Limited
28. Fanwell Limited
29. Filters Pakistan Private Limited
30. Fully Max Trading Limited
31. Gain Success Industrial Limited
32. Godfrey Phillips India Limited
33. Golden Dragon (Hong Kong) International Trading Limited
34. Good Field Trading Limited
35. Hanseng International Corp
36. He Wei Trading Co Limited
37. Hong Kong Huaer Trading Co Limited
38. Jebel Ali Free Zone Fze (Cash Cc)
39. Jhao Trade Co Limited
40. Nice Field International Limited
41. Ocean Wide Trading (Hong Kong) Ltd
42. Ruixi Trade Limited
43. SDIC Jingmin (Putian) Industrial and Trading Co Ltd

44. Shaanxi Heavy Duty Automobile Import
45. Shandong Jixin Auto Sales Co Ltd
46. Sharp Sun Technology
47. Sheen Fair Trading Ltd
48. Sufuyang Trade Limited
49. Tabacum Interamerican Comercio
50. Talal Abu Ghazaleh International
51. Yuhon Trading Limited
52. Yumei Trading Co Limited
53. Zhi Jun Dong Dba Dong Mgj Global
54. Zhoufu (Hongkong) Trade Co

Ms. Williams has not previously testified as an expert witness. Ms. Williams has not authored a publication in the previous 10 years.

Ms. Williams has provided her signature below to indicate that she has approved the above statement.

*Emily Williams*
Emily Williams
Pursuant to Fed. R. Crim. P. 16(a)(1)(G)(v),
I approve the foregoing disclosure

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney

By:     */s/ Steven Wasserman*
Steven B. Wasserman
D.C. Bar #453251
Assistant United States Attorney
National Security Section
601 D Street, NW, 5th Floor
Washington, DC 20530
(o) 202-252-7719 (Wasserman)
Steve.wasserman@usdoj.gov

Christina Clark
D.C. Bar # 995326
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's Expert Notice

has been served via ECF upon counsel of record for the defendant this 14th day of March 2025.

 /s/Steven Wasserman
STEVEN B. WASSERMAN
Assistant United States Attorney