IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 23CR91-CKK |
| | ) | |
| GUANGHUA JIN. | ) | |

## MOTION TO DISMISS FOR VIOLATION OF SIXTH AMENDMENT SPEEDY TRIAL RIGHTS

Guanghua Jin, through counsel, and pursuant to the Sixth Amendment to the United States Constitution, hereby moves to dismiss the indictment for violation of his right to a speedy trial.

### BACKGROUND

The indictment in this case was handed up on March 21, 2023. ECF 13–Indictment. Mr. Jin was arrested in Australia, of which he was a lawful resident, on March 21, 2023.

On May 11, 2023, the government formally requested Mr. Jin's extradition. After a period of delay relating to the extradition proceedings, on information and belief, Mr. Jin agreed to surrender to the custody of the United States on or about August 4, 2023. Ex. 1–Submissions on Behalf of the United States of America in Relation to the Applicant's Consent for Extradition.

However, Mr. Jin was not actually arrested by the United States Marshals Service, and transferred to the United States to face the pending indictment, until over a year later, on or about September 30, 2024. ECF 25–Executed Arrest Warrant. One week from the filing of this motion, Mr. Jin will have been subject to pretrial detention for a period of two years.

### ARGUMENT

The Sixth Amendment guarantees that "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "[T]he Sixth Amendment's guarantee of a speedy trial 'is an

1

important safeguard to … minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself.'" *United States v. Loud Hawk*, 474 U.S. 302, 312 (1985) (quoting *United States* v. *Ewell*, 383 U.S. 116, 120 (1966)).

Once a Sixth Amendment violation is established, dismissal of the charge is "the only possible remedy." *Strunk v. United States*, 412 U.S. 434, 439–40 (1973) (quoting *Barker v. Wingo*, 407 U.S. 514, 539 (1972)). To determine whether a defendant's speedy trial right has been violated, courts consider four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005) (citing *Doggett. v. United States*, 505 U.S. 647, 655 (1992) (applying the "*Barker* factors")). Each of these factors weighs in favor of dismissal.

### A. The length of delay is presumptively prejudicial.

First, the length of the delay here is presumptively prejudicial under Supreme Court precedent. The Supreme Court has observed "that a post-accusation delay approaching one year may be considered presumptively prejudicial," *Doggett* 505 U.S. at 652 n.1. Other courts have held that an even shorter delay is presumptively prejudicial. *See, e.g.*, *United States v. Woolfolk*, 399 F.3d 590, 598 (4th Cir. 2005) (delay of eight months found presumptively prejudicial). Here, the delay between the date that Mr. Jin apparently agreed to be surrendered to the United States is more than one year, and therefore triggers the *Barker* analysis. *See United States v. Tchibassa,* 452 F.3d 918, 923 (D.C. Cir. 2006).

### B. The reason for delay is attributable to the government..

The government has an affirmative constitutional obligation to try the defendant in a timely manner, and thus, the burden is on the prosecution to explain the cause of the pre-trial

delay . . . To carry out that affirmative constitutional obligation, the government must pursue the defendant with reasonable diligence from his indictment to his arrest." *United States v. Fernandes*, 618 F. Supp. 2d 62, 68 (D.D.C. 2009) (cleaned up). This duty applies in the context of transfer from a foreign country for trial. *See, e.g., Bowman v. Stafford,* 2022 WL 118227, at *6 (S.D. Cal. Jan. 12, 2022) ("It makes sense for an extradition to the United States to be concerned about speedy trial, since ultimately that extradition is part of a criminal prosecution in the United States and thus the Fifth and Sixth Amendment protections would apply.")It is of no moment that delays were the result of negligence rather than bad faith—even a negligent delay weighs "against the government because 'the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'" *United States v. Black*, 918 F.3d 243, 260 (2d Cir. 2019) (quoting *Barker*, 407 U.S. at 531); *see also Doggett*, 505 U.S. at 657.

There is no explanation in the record for the delay from the time that Mr. Jin agreed to extradition, to the time when the government actually took steps to "arrest" him and bring him to commence the proceedings in this case. The government bears the burden of showing that it proceeded with diligence during this period. Unless and until the government does so, the Court must assume that the delay is attributable to the government.

**C. Mr. Jin's preservation of his speedy trial rights.**

Third, Mr. Jin preserved his right to challenge the indictment for speedy trial violations. Exhibit 1 reflects that while in custody in Australia, he waived his rights to contest extradition and agreed to be brought to the United States for trial. He did this because he wanted a speedy trial. Further, Mr. Jin sought a speedy trial under the Speedy Trial Act, and opposed the government's efforts to delay the trial under the Act. ECF 34–Response in Opposition to Complex Case Designation. Accordingly, this factor weighs in favor of Mr. Jin.

3

**D. The prejudice to Mr. Jin is significant, and weighs heavily in favor of dismissal.**

Fourth, the resulting prejudice from the delay favors dismissal. Courts "'assess the prejudice to criminal defendants in the light of the interests . . . the speedy trial right was designed to protect—namely, (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Black*, 918 F.3d at 264 (quoting *Barker*, 407 U.S. at 532). While "[a]ffirmative proof of impairment of the defense is not required in order to find a Sixth Amendment violation;" *Black*, 918 F.3d at 264 (2d Cir. 2019); *see also Doggett v. United States*, 505 U.S. 647, 655 (1992) ("affirmative proof of particularized prejudice is not essential to every speedy trial claim"), the facts in this case establish significant prejudice to Mr. Jin.

Mr. Jin and his family have suffered tremendous anxiety over the course of two years since he was arrested. Mr. Jin has not seen his wife and his two young daughters for two years. The pendency of the prosecution has severely impacted Mr. Jin's liberty and his ability to financially his family. Mr. Jin has been in custody since his arrest in March 2023 in Australia without bond, and has been in custody here in the United States for over five months. By the time of trial on September 8 of this year, he will have been in custody for a period of two years, five months and 18 days.

The Supreme Court has "recognize[d] that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett*, 505 U.S. at 655. "While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay." *Doggett*, 505 U.S. at 655-56 (internal citation omitted). Taken together, absent a showing by the government that it bears no responsibility for

the relevant delay, the *Barker* factors demonstrate that Mr. Jin's constitutional speedy trial rights have been violated and the indictment should be dismissed with prejudice.

## CONCLUSION

For all of the foregoing reasons, Mr. Jin's Sixth Amendment speedy trial rights have been violated, and this Court should dismiss the indictment with prejudice.

Respectfully Submitted,

By:/s/ Eugene Gorokhov
Eugene Gorokhov VSB # 73582
BURNHAM & GOROKHOV, PLLC
1634 I Street NW, Suite 575
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing motion via ECF which automatically sends a copy to all counsel of record.

Respectfully submitted,

By:/s/ Eugene Gorokhov
Eugene Gorokhov, Esq.