**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 23-cr-91-02 (CKK)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **JIN GUANGHUA,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT RESPONSE TO DEFENDANT'S MOTION**
**TO DISMISS ALL COUNTS FOR LACK OF VENUE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Response to the Defendant's Motion to Dismiss All Counts for Lack of Venue (ECF #53). In support of this motion, the government relies on the following statement of points and authorities, and any other points and authorities that may be cited at a hearing on this motion.

**BACKGROUND**

A summary of the procedural and factual background is included in the Government's Memorandum in Opposition to Defendant's Motion to Suppress Fruits of Email Search Warrant (ECF #64) and is incorporated by reference herein. The defendant seeks dismissal of all counts of the Indictment due to a purported lack of proper venue in this District. But, as he concedes, doing so would require disregarding substantial precedent in this and other circuits. Nonetheless, he is undeterred. The Court ought to decline the defendant's invitation to reinterpret the law and deny his motion.

**1. Venue is a Constitutional Right with Specific Provisions for Extraterritoriality.**

The U.S. Court of Appeals for the District of Columbia Circuit has explained the Constitutional significance of establishing proper venue in a criminal case.

1

> Proper venue in criminal proceedings was "a matter of concern to the Nation's founders." *United States v. Cabrales,* 524 U.S. 1, 6, 118 S.Ct. 1772, 1775, 141 L.Ed.2d 1 (1998). Indeed, the Constitution "twice safeguards the defendant's venue right: Article III, § 2, cl. 3, instructs that Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed'; the Sixth Amendment calls for trial 'by an impartial jury of the State and district wherein the crime shall have been committed.'" *Id.*; *see also United States v. Passodelis,* 615 F.2d 975, 977 n.3 (3d Cir. 1980) (noting that although, read literally, the provision in the Sixth Amendment is a vicinage rather than venue provision, because it specifies the place from which the jurors are to be selected rather than the place of trial, the distinction has never been given any weight, "perhaps ... because the requirement that the jury be chosen from the state and district where the crime was committed presupposes that the jury will sit where it is chosen").

*United States v. Morgan*, 393 F.3d 192, 195 (D.C. Cir. 2004).

Importantly, the Constitution also states that "when not committed within any State, the trial shall be at such place or places as the Congress may by law have directed." U.S. Const. art. III, § 2, cl. 3. It further provides that venue in a criminal case "requires determination of where the crime was committed" and if the statutory offense does not specify venue, the court must look to "'the nature of the crime alleged and the location of the act or acts constituting it'" *United States v. Cores*, 356 U.S. 405, 407-98 (1958) (discussing Article III, Section 2, Clause 3 in the context of proper venue for violation by alien crewman who remained in the United States in excess of his permit, an offense where the statute did not fix venue), quoting *United States v. Anderson*, 328 U.S. 699, 703 (1946) (determining venue for the offense of refusing induction into the armed forces.). Further, once it is determined that an offense is extraterritorial, the Sixth Amendment's vicinage clause has no application. *Cook v. United States*, 138 U.S. 157, 183 (1891). With respect to an extraterritorial offense, Article III, § 2, cl. 3 "impose[s] no restriction as to the place of trial, except that trial cannot occur until congress designates the place, and may occur at any place which shall have been designated by congress previous to the trial." *Id*. at 182.

The Government bears the burden of establishing that venue is proper with respect to each count charged against the defendant by a preponderance of the evidence. *Morgan*, 393 F.3d at 195.

**2.  Venue in This District is Properly Predicated by Statute.**

The Indictment in this case alleges acts by the defendant and his coconspirators that took place extraterritorially, but with certain overt acts in the United States, specifically the deceitful use of the U.S. correspondent banking system to allow for wire transfers in U.S. dollars and so doing without securing authorization from the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") for otherwise prohibited transactions. There is no allegation that the defendant committed any offense alleged while physically present in a state or territory of this country.

The Indictment in this matter asserts two separate bases for venue in this District: First, it states that "[a]cts and omissions in furtherance of the offenses alleged herein occurred within the District of Columbia. Pursuant to Title 18, United States Code, Section 3237, venue is proper in the District of Columbia." ECF 13 at ¶ 45. The Indictment continues, "[a]dditionally, certain of the offenses alleged herein were begun and committed outside the jurisdiction of any particular state or district of the United States. For those offenses, pursuant to Title 18, United States Code, Section 3238, venue is proper in the District of Columbia." *Id.* at ¶ 46. These two statutes provide a basis for venue in this District for all counts of the Indictment.

The defendant argues, incorrectly, to the contrary. He claims that venue is improper in this District "as to each and every count[,]" ECF 53 at 1, based on a misreading of the two venue statutes cited, claiming that "§ 3238 takes effect only when <u>no venue is discernible</u> under § 3237. … This reading is plain from both the text and structure of the statutory provisions at issue, and mandated by Article III"s [sic] requirement that trial 'shall be held in the State where the said

Crimes shall have been committed.'" *Id*. at 6-7. This is, simply put, not the law, and his conclusion that "[a] contrary reading of § 3238, one that would allow it to take effect even when there is venue under § 3237, would violate the Constitution" is wrong. *Id*. at 7.

All of the counts of the Indictment involve conduct begun outside any state and are therefore properly brought in this District pursuant to 18 U.S.C. § 3238, which provides that:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

"[T]he history and text of § 3238 do make clear, at the very least, that the statute focuses on offense conduct outside of the United States." *United States v. Miller*, 808 F.3d 607, 619 (2d Cir. 2015); *see also United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 28 n.4 (D.D.C. 2000) (discussing history of Section 3238).

In addition, certain counts also have venue in this District pursuant to 18 U.S.C. § 3237(a), which states that:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. § 3237(a).

Finally, venue for Count Seven (Conspiracy to Launder of Monetary Instruments) is additionally proper in this District pursuant to 18 U.S.C. § 1956(i)(2).

a. <u>Section 3238 Applies to All Counts</u>

The language of 18 U.S.C. § 3238, in referring to offenses "begun or committed" outside of the United States, on its face encompasses crimes that involve some conduct or effects within the United States, in cases where the crime "began" outside the United States.

However, the defendant argues that Section 3238 provides venue only for crimes that are "entirely" or "wholly" committed outside the United States, and that 18 U.S.C. § 3237 exclusively governs venue for offenses that are even partially committed within the United States. He goes so far as to say that "A contrary reading of § 3238, one that would allow it to take effect even when there is venue under § 3237, would violate the Constitution." ECF 53 at 7. But that argument has been rejected in the District of Columbia. *See United States v. Rivera-Niebla*, 37 F. Supp. 3d 374, 380 (D.D.C. 2014) (counsel was not ineffective for not challenging venue in conspiracy that included overt acts in California but not the District of Columbia, because Section 3238 applies so long as the offense began outside the country); *United States v. Torres-Garcia*, 2007 WL 1207204, *7-8 (D.D.C. April 24, 2007) (citing "begun" text of the statute and finding that Section 3238 permits venue in the District of Columbia, so long as the defendant is indicted in the District of Columbia before he is arrested anywhere else); *cf. United States v. Hassanshahi*, 185 F. Supp. 3d 55, 58 (D.D.C. 2016) ("courts have … concluded that the two venue statutes are 'not mutually exclusive'" (citing *United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979))).

It has also been rejected by the U.S. Courts of Appeal for the Second, Third, Fourth, Fifth, and Ninth Circuits, as well as the Southern District for New York. *See Miller*, 808 F.3d at 619-21 (noting plain meaning of "begun or committed," holding that Sections 3237 and 3238 are not mutually exclusive, and rejecting earlier dicta in *United States v. Gilboe*, 684 F.2d 235, 239 (2d Cir. 1982)); *United States v. Pendleton*, 658 F.3d 299, 304 (3d Cir. 2011) (noting that Section 3238

provides for venue where offense is "begun" abroad); *United States v. Pace*, 314 F.3d 344, 351 (9th Cir. 2002) ("§ 3238 does not apply unless the offense was committed entirely on the high seas or outside the United States (unless, of course, the offense was 'begun' there)") (accord *United States v. Lozoya*, 982 F.3d 648, 655 (9th Cir. 2020)); *United States v. Levy Auto Parts of Canada*, 787 F.2d 946, 950-951 (4th Cir. 1986) (Section 3238 applied to any crime that was "begun" outside of the United States; Section 3238 venue was appropriate in Eastern District of Virginia for conspiracy that began abroad, despite overt acts in Michigan and New York, and despite no overt acts in Virginia, because Virginia was the place of arrest); *Williams*, 589 F.2d at 212-13 (Section 3238 venue was appropriate in Southern District of Alabama for conspiracy that began abroad, despite overt act in New York); *United States v. Bin Laden*, 146 F. Supp. 2d 373, 380 (S.D.N.Y. 2001) ("Section 3238 is an appropriate basis for venue so long as the international conspiracy offense in question *began* outside the United States, irrespective of the fact that a few of the alleged overt acts of the conspiracy were later committed inside the United States).[1]

*Rivera-Niebla* is instructive. In that case, the defendant was charged with a narcotics-trafficking conspiracy, which was formed in Mexico, and which involved overt acts in Los Angeles. 37 F. Supp. 3d at 375, 379-80. Although no part of the crime was committed in the District of Columbia, the defendant was indicted in the District of Columbia before he was arrested or brought to the United States. *Id*. at 379-80. The defendant essentially argued that Section 3238 did not apply "because the entire offense was not committed extraterritorially." *Id*. The court

---

[1] In *Pendleton*, the Third Circuit misread the Ninth Circuit's decision in *Pace* and asserted that Pace held that the offense must be committed entirely outside of the country. *See Pendleton*, 658 F.3d at 305. In fact, as quoted above, *Pace* recognized the Section 3238 applies to offense "begun" outside the United States. *See Rivera-Niebla*, 37 F. Supp. 3d 374, 380 & n.2 (noting the Third Circuit's mistake). In any event, the Third Circuit held that offenses "begun" outside of the United States are covered by Section 3238, even if they are partially committed inside the United States.

rejected that argument primarily by addressing the Second Circuit's dicta in *Gilboe* (which has since been overruled by *Miller*, but which at the time suggested that Section 3238 applied only to crimes committed completely extraterritorially).[2] *Id.* As Judge Bates explained while agreeing with the Third Circuit, *Gilboe* was "difficult to square with the text of the statute," because "[b]y its own terms, Section 3238 applies to any offense 'begun or committed' extraterritorially; by holding that it applies only to offenses committed entirely outside the country, [*Gilboe*] read the word 'begun' out of the statute."

    *Torres-Garcia* is similarly helpful. In that case, the defendant was charged with a narcotics-trafficking conspiracy, which was formed abroad, and which involved overt acts in Texas and Illinois, but which did not involve any criminal conduct in the District of Columbia. 2007 WL 1207204 at **7-8. The defendant in that case argued that "§ 3238's text 'clearly states' that it 'is only applicable in cases where criminal activity did not occur within the geographical limits of any State or [d]istrict.'" *Id.* The court rejected that argument, explaining that the defendant's "plain language argument [was] unpersuasive." Although the argument was "supported by § 3238's title, 'Offenses not committed in any district,' it [was] undermined by the text itself, which makes the section applicable to offenses 'begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district.' 18 U.S.C. § 3238; *Penn. Dep't of Corrections v. Yeskey*, 524 U.S. 206, 212 (1998) ('[T]he title of a statute ... cannot limit the plain meaning of the text.'). 2007 WL 1207204 at *8.

    In each of these District of Columbia cases, as well as the other cases cited above, the

---

[2] Similarly, as noted above, in dicta in *Gilboe*, 684 F.2d 235, the Second Circuit suggested that Section 3238 applies only to crimes wholly committed outside of the United States. That dicta was explicitly overruled in *Miller*, 808 F.3d 607, and even before *Miller*, it was never followed by any District Court in the Second Circuit, *see Bin Laden*, 146 F. Supp. 2d at 380. It was also rejected by the above-cited cases in the District of Columbia, the Fourth Circuit, and the Third Circuit.

courts have made clear that, although Section 3237 would permit venue in other courts (Texas and Illinois in *Torres-Garcia*, and California in *Rivera-Niebles*) Section 3237 was not mutually exclusive with Section 3238. In other words, although the subsequent criminal acts around the United States would have permitted venue in other courts under Section 3237, the possibility of venue under Section 3237 did not divest the courts of venue under Section 3238. *Rivera-Niebla*, 47 F. Supp. 3d at 380-81 ("Moreover, venue may be proper in more than one district.… So even if venue is proper in California because an overt act occurred there, because Rivera–Niebla's offense began outside the United States, venue is also proper where the government indicted him: this district.") *See also*, *e.g., Miller*, 808 F.3d at 619; *Williams*, 589 F.2d at 213-14.

In this case, venue for the conspiracy counts—Count One (Conspiracy to Commit Bank Fraud), Count Two (Conspiracy to Violate the International Emergency Economic Powers Act), and Count Seven (Conspiracy to Launder of Monetary Instruments)—is appropriate in this District because the offenses began outside of any state or district, none of the defendants was arrested or first brought in another district prior to the return of the Indictment, and the defendants are not U.S. residents. 18 U.S.C. § 3238. As demonstrated above, venue is proper in this District even if there is some activity within the United States because 18 U.S.C. § 3238 applies to crimes that *begin* outside the United States, and it is a continuing offense statute. *See Levy Auto Parts of Canada*, 787 F.2d at 950 (§ 3238 is continuing offense statute); *Torres-Garcia*, 2007 WL 1207204 at *7 (applying § 3238 even where significant domestic overt acts were alleged). Here, the Indictment makes clear that the defendant and his coconspirators entered their conspiracy outside the United States. Their overt acts were in deceitfully causing correspondent banks to process transactions on their behalf and in failing to secure necessary licenses from OFAC. But those overt steps occurred after the formation of the conspiracy had already begun. Hence, venue is proper

under Section 3238.

For all the other counts, venue is appropriate in this District under 18 U.S.C. § 3238 because the offenses began or were committed outside the jurisdiction of any state or district, the defendant was not arrested or first brought in another district prior to the Indictment, and because the defendant had no last known residence within the United States. *See Rivera-Niebla*, 37 F. Supp. 3d at 380-81 (analyzing the applicability of Section 3238 extraterritorially); *see also Torres-Garcia*, 2007 WL 1207204, at *6-8.

        b.   <u>Section 3237 Applies to Violations of the International Emergency Economic Powers Act (Counts Two Through Six)</u>

For the counts pertaining to violations of the International Emergency Economic Powers Act (Counts Two through Six), venue additionally lies in this District because the defendant and his coconspirators failed to obtain a license from OFAC, which is located in the District of Columbia. 18 U.S.C. § 3237(a); *see also Hassanshahi*, 185 F. Supp. 3d at 58 ("To secure a license from OFAC, any application must be sent to, received by, and then approved by the Department of the Treasury. Therefore, the place of performance of the request—regardless of from where that request is sent—remains the District of Columbia. Accordingly, venue in this case is proper under § 3237(a)."); *United States v. Quinn*, 401 F. Supp. 2d 80, 87 (D.D.C. 2005). "This holds even if the agency were highly unlikely to have granted the license." *United States v. Oseguera Gonzalez*, No. CR 20-40 (BAH), 2020 WL 6342948, at *3 (D.D.C. Oct. 29, 2020). Moreover, "[w]hile failing to obtain a license from OFAC is only a part of the criminal offenses with which defendant is charged, 'it is a critical one' for purposes of establishing venue under § 3237(a)." *Id.* Further, as to Count Two (Conspiracy to Violate the International Emergency Economic Powers Act), "venue is proper in any District in which an 'overt act in furtherance of the conspiracy was committed.'" *United States v. Young-Bey*, No. CR 21-661 (CKK), 2025 WL 660821, at *11 (D.D.C. Feb. 28,

2025) (quoting *Whitfield v. United States*, 543 U.S. 209, 218 (2005)). Here, that overt act was the defendant and coconspirators' failure to secure licenses from OFAC.

The defendant contests this analysis, claiming that the prior courts to consider this issue got it wrong because IEEPA does not impose an "independent licensing or reporting obligation." ECF 53 at 13. He further claims that his "alleged failure to obtain a license from OFAC is not an 'overt act' for purposes of venue analysis." *Id*. at 14. But the core holding that this is indeed sufficient for venue has been restated by many courts in this circuit, most recently when it was cited with approval in a forfeiture matter by the court, then-Judge Jackson. *United States v. $1,071,251.44 of Funds Associated with Mingzheng Int'l Trading Ltd.*, 324 F. Supp. 3d 38, 46 (D.D.C. 2018) (holding that the failure to secure an OFAC license was "sufficient to support venue in this district"); *see also Hassanshahi,* 185 F. Supp. 3d at 57; *Quinn*, 401 F. Supp. 2d at 87.

c.  <u>Conspiracy to Launder Monetary Instruments Has Its Own Applicable Venue Provision</u>

Venue for Count Seven (Conspiracy to Launder of Monetary Instruments) also lies in this District pursuant to 18 U.S.C. § 1956(i)(2). Section 1956(i) provides an *alternative* provision for setting venue in money laundering conspiracy prosecutions. *Whitfield v. United States*, 543 U.S. 209, 217 (2005). Section 1956(i)(2) states that "[a] prosecution for an attempt or conspiracy offense under this section or section 1957 may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place." Count Seven charges a violation of 18 U.S.C. § 1956(h), so it fits the first portion of Section 1956(i). And then the "act in furtherance of the … conspiracy" took place in this District because of the failure to secure a license from OFAC. *See Whitfield*, 543 U.S. at 218 (2005) (holding that "venue is proper in any district in which an overt act in furtherance of the conspiracy was committed, even where an overt act is not a required element of the

conspiracy offense"); *see also United States v. Abbas*, 100 F.4th 267, 290 (1st Cir.), cert. denied, 145 S. Ct. 319 (2024) (affirming the district court's jury instruction that venue was proper if "a preponderance of evidence showed 'that at least part of the conspiracy ... took place in Massachusetts[]'"); *Matter of Search of Multiple Email Accts. Pursuant to 18 U.S.C. § 2703 for Investigation of Violation of 18 U.S.C. § 1956*, 585 F. Supp. 3d 1, 15-16 (D.D.C. 2022) (analyzing venue for a violation of 18 U.S.C. § 1956(h)).

WHEREFORE, the United States respectfully opposes the Defendant's Motion to Dismiss All Count for Lack of Venue.

Respectfully submitted,
EDWARD R. MARTIN, JR.
United States Attorney

By:    /s/ Steven Wasserman
Steven B. Wasserman
D.C. Bar #453251
Karen Seifert
N.Y. Bar No. 4742342
Assistant United States Attorneys
National Security Section
601 D Street, NW, 5th Floor
Washington, DC 20530
(o) 202-252-7719 (Wasserman)
(o) 202-252-7527 (Seifert)
steve.wasserman@usdoj.gov
karen.seifert@usdoj.gov

Christina Clark
D.C. Bar # 995326
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
christina.clark3@usdoj.gov
(o) 202-412-4213