UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 23-cr-91-02 (CKK)** |
| | : | |
| **v.** | : | |
| | : | |
| **JIN GUANGHUA,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT OPPOSITION TO DEFENDANT'S
MOTION TO UNMASK**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Response to the Defendant Jin Guanghua's Motion to Unmask (ECF No. 83).[1] For the reasons stated herein, the defendant's Motion was premature, is now moot, and should be denied.

The indictment in this case charges the defendant and his co-conspirators related to dealings with various uncharged entities. Consistent with Department of Justice policy, uncharged entities and individuals were anonymized and not publicly named in the indictment. *See* Justice Manual, 9-27.760-Limitation on Identifying Uncharged Parties Publicly ("In *all public filings* and proceedings, federal prosecutors should remain sensitive to the privacy and reputation interests of uncharged parties. In the context of public plea and sentencing proceedings, this means that, in the absence of some significant justification, it is not appropriate to identify (either by name or unnecessarily specific description), or cause a defendant to identify, a party *unless that party has been publicly charged with the misconduct at issue*." (emphasis added)). The government continues to abide by this policy in its public filings. However, the defense received the identifying

---

[1] The government notes that, although styled as a motion to "unmask" identities of witnesses, the identities referred to in the defendant's motion are already known to defense.

information of *all* anonymized individuals and entities in discovery, and therefore defense has never lacked information necessary to fully investigate its case. Motion at 14 (claiming that defendant "must be permitted to investigate fully").

On March 14, 2025, undersigned counsel for the government informed defense that one of the entities in the indictment, referred to as Company 1, was anticipated to send employee(s) to testify at trial and had requested they be permitted to testify under a pseudonym given safety concerns. On May 28, 2025, undersigned counsel for the government informed defense that the government anticipated that it would file a Motion *in Limine* regarding the same on or about July 1, 2025. On June 2, 2025, without further consultation or objecting to the timeline proposed by the government for raising this matter with the Court, defendant filed the instant Motion for Leave to Unmask Cooperating Company 1. In his motion, the defendant argues that it is the government's burden to so move the Court for relief, a point to which the government had previously agreed.[2]

Company 1 is a foreign entity represented by counsel. In preparation for filing of its Motion *in Limine*, the government conferred further with Company 1 through its counsel. Given various

---

[2] Contrary to the defendant's claims, the public does not have an unconditional first amendment right to all information in a criminal case, nor does the defendant's self-professed "need" to "tell" the public the identity of third parties provide a reason for any requested relief. *See* Motion at 3. Courts have discretion to seal from the public certain information in the trial proceeding. *See, e.g.*, *United States v. Rajaratnam*, 708 F. Supp. 2d 371, 374-75 (S.D.N.Y. 2010) ("But even where the First Amendment gives the public the right to access criminal proceedings and documents filed in connection with those proceedings, that right is qualified, 'not absolute.' Courts must balance the right against other important values, like the Sixth Amendment right of the accused to a fair trial, and the defendant's and innocent third parties' privacy interests. Such values 'include the defendant's right to a fair trial [and] privacy interests of the defendant, victims or other persons.'" (quoting *Press-Enterprise Co. v. Superior Court of California for the County of Riverside*, 478 U.S. 1, 9, 14 (1986); *United States v. Doe*, 63 F.3d 121, 128 (2d Cir.1995)). As defense is aware, under the appropriate circumstances, the government regularly obtains orders in this District to permit witnesses to testify under a pseudonym, when the witnesses make such a request of the government. *See, e.g.*, *United States v. Abu Khatallah*, No. 14-cr-00141, 2017 WL 11494061, at *3 (D.D.C. Sept. 28, 2017).

circumstances, Company 1 represented to undersigned counsel that it was withdrawing its request for its employee(s) to testify under a pseudonym.

    Thus, the defendant's instant motion is moot and should be denied.

Respectfully submitted,

JEANNINE FERRIS PIRRO
United States Attorney

By:    /s/ Karen P. Seifert
Karen Seifert
N.Y. Bar No. 4742342
Steven B. Wasserman
D.C. Bar No.453251
Assistant United States Attorneys
National Security Section
601 D Street, NW, 5th Floor
Washington, DC 20530
202-252-7527
karen.seifert@usdoj.gov

Christina Clark
D.C. Bar No. 995326
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530