UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 23-cr-91-02 (CKK) |
| | : | |
| v. | : | |
| | : | |
| **JIN GUANGHUA,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION *IN LIMINE*
REGARDING PROCEDURE FOR ADMISSION OF
CO-CONSPIRATOR STATEMENTS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Motion *in Limine* regarding the procedure for admission of co-conspirator statements. Specifically, consistent with the D.C. Circuit's precedent and District practice, the government respectfully requests the Court admit co-conspirator statements during trial "subject to connection," once the government has elicited facts to support that the relevant statements are in furtherance of the conspiracy, and that the Court not hold a pre-trial hearing related to admissibility of each statement. Prior to filing this motion, undersigned counsel for the government conferred with defense, who did not agree to the procedure for admission proposed by the government.

**FACTUAL BACKGROUND**

The government anticipates that at trial in this matter it will seek to elicit statements of co-conspirators, including the following categories of statements:

- Emails sent by charged co-conspirators (specifically, Sim Hyon Sop, Han Linlin, Qin Guoming) and by employees of Defendant Jin related to the procurement of products for North Korean entities, the payment of the same, and Defendant's

position of control over the procurement business, throughout the time period of the conspiracy[1];

- Emails sent by charged co-conspirators (specifically, Han Linlin) related to inquiries by financial institutions investigating payments made in furtherance of the North Korean procurement[2];

- Business filings of articles of incorporation and the like for entities owned and/or controlled by Defendant Jin ("the Winney entities"), showing the creation of the entities and the involvement of Defendant Jin and the co-conspirators in the same; and

- Statements made by charged co-conspirators (specifically, Han Linlin and Qin Guoming) to undercover officers in May through July 2021 related to the tobacco leaf transactions and payments for the same.

The government anticipates that much of the aforementioned evidence will be admissible at trial as statements made in furtherance of the conspiracy under Federal Rule of Evidence 801(d)(2)(E). (The government also anticipates that it may seek admission of the documents described above under other rules of evidence, to include R. 801(d)(2)(D) (statements of an agent) and R. 803(6) (business records)). By this motion, the government seeks for the Court to set the

---

[1] The government notes that it has provided a list of emails that it intends to translate and produce as exhibits at trial. Additionally, the government intends to introduce certain emails already in English, to which defense has access, and which will be noticed as exhibits on or before the deadline imposed by the Court.

[2] Specifically, co-conspirator Han corresponded with (1) the Winney entities' financial institution in Dubai in May 2018 and May 2019, related to bank inquiries about payments the Winney entities had made, whether the payments had any connection to a sanctioned jurisdiction, including North Korea, and the block of certain payments by correspondent U.S. financial institutions, and (2) officials from Company 1 in May 2019, related to an inquiry by a U.S. financial institution related to the payment made on the Winney entities' behalf by a third-party payor.

procedure by which co-conspirator statements that meet the requirements of Rule 801(d)(2)(E) will be admitted, given that evidence of the conspiracy may be admitted through various means over the course of the trial.

## LEGAL BACKGROUND

Federal Rule of Evidence 801(d)(2)(E) provides that statements of co-conspirators made in furtherance of the conspiracy are not hearsay. A statement made by a co-conspirator in furtherance of the conspiracy is admissible against all co-conspirators. *United States v. (Joseph) Jackson*, 627 F.2d 1198, 1216 (D.C. Cir. 1980). To admit such statements, the government need only prove by a preponderance of the evidence that a conspiracy existed between the defendant and the declarant and that the statement was made in furtherance of the conspiracy. *United States v. Beckham*, 968 F.2d 47, 51-52 (D.C. Cir 1992) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).[3]

The District of Columbia Circuit additionally requires that there be independent evidence of the conspiracy apart from the statement, although the content of the statement itself can also be considered in determining whether such independent evidence exists. *United States v. Gewin,* 471 F.3d 197, 201 (D.C. Cir. 2006); *United States v. Gatling,* 96 F.3d 1511, 1520 (D.C. Cir. 1995); *United States v. Beckham,* 968 F.2d 47, 50-51(D.C. Cir. 1992); *United States v. Washington,* 952 F.2d 1402, 1407(1991), *cert. denied,* 503 U.S. 1009 (1992).

---

[3] Courts have interpreted the "in furtherance of the conspiracy" language broadly. Examples of such statements include statements that enhance a co-conspirator's usefulness to the conspiracy, statements that invite participation in further stakes of the conspiracy, statements that keep a co-conspirator informed about the progress of the conspiracy, and statements that motivate a co-conspirator to continue to participate and provide background information on key members of the conspiracy. *See United States v. Carson,* 455 F.3d 336, 366-67 (D.C. Cir. 2006) (quoting *United States v. Edmond,* 52 F.3d 1080, 1110-11 (D.C. Cir. 1995)); *United States v. Tarantino,* 846 F.2d 1384, 1412 (D.C. Cir. 1988).

**ARGUMENT**

The government anticipates that the evidence at trial, including both independent evidence and the statements of co-conspirators proffered above, will prove up the existence of the conspiracy and Defendant's key role in it, and will show that the above-mentioned categories of statements were made by co-conspirators in furtherance of that conspiracy, thus satisfying the requirements for admission. Specifically, the government's evidence will show that (i) Defendant was an executive controlling the Winney entities, (ii) the business of the Winney entities included the procurement of products for North Korean companies, (iii) as part of that business, the Winney entities procured leaf tobacco and cause it to be shipped into North Korea, (iv) the Winney entities were responsible for the payment of invoices related to the leaf tobacco shipments through the use of the U.S. financial system and (v) multiple employees, including Han, worked for Defendant and knowingly participated with him in efforts to evade U.S. sanctions on the DPRK. The government also anticipates that the evidence will show that Defendant was a founding member of the Winney entities, that he was involved in the business throughout the relevant time period, and that he was specifically involved at the time that the above statements were made by co-conspirators and employees of the Winney entities. The government has proffered to defense specific evidence of co-conspirator statements, and the theory on which they are admissible.

The government has set the table for the Court to admit those co-conspirator statements at trial "subject to connection," a procedure generally followed in this District. Courts generally eschew a pre-trial admissibility hearing on co-conspirator statements, rejecting motions from defendants for what in essence amounts to a request for a mini-trial.[4] Moreover, D.C. Circuit

---

[4] *See United States v. Apodaca*, 275 F. Supp. 3d 123, 138 (D.D.C. 2017) (noting that much of the same evidence and witnesses to establish the existence of the conspiracy would also be presented to prove up the co-conspirator statements, and that "requiring witnesses to testify twice, first at a

precedent provides the Court wide latitude to admit the co-conspirator statements at trial, without a prior hearing, as the evidence is received and without waiting until the conspiracy is fully proven through independent evidence.

> Given the myriad of difficulties that surround the availability of witnesses, it is just impractical in many cases for a court to comply strictly with the preferred order of proof by taking the testimony of such witnesses piecemeal, waiting until a conspiracy is fully proved by independent evidence, and then recalling from their normal pursuits, those who testify to hearsay declarations of co-conspirators. As a concession to such practical impediments that arise during trial, the court is vested with considerable discretion to admit particular items of evidence subject to connection.

*Jackson*, 627 F.2d at 1218 (internal citations omitted); *see also United States v. White*, 116 F.3d 903, 915 (D.C. Cir. 1997) (citations omitted) ("Although in *Jackson* we said that 'the better practice' was to secure proof of the conspiracy adequate to sustain admission of the hearsay before the hearsay itself was received, we made clear that trial exigencies would often make that impracticable and endorsed the traditional 'subject to connection' approach.").

The D.C. Circuit has held that any motion by the defense related to the exclusion of any statements can be deferred until the trial ends. *United States v. Wilson*, 26 F.3d 142, 159 (D.C. Cir. 1994) (permitting the same if that motion requires "deciding issues of fact that are inevitably bound up with evidence about the alleged offense itself"); *see also Gantt*, 617 F.2d at 845 ("As a practical

---

pretrial hearing and second at the trial itself would result in duplicative testimony, allow defense counsel two bites at the apple to cross-examine the cooperating witnesses… and raise a significant concern about the safety of cooperating witnesses and their families."); *United States v. Edelin,* 128 F. Supp. 2d 23, 45-46 (D.D.C. 2001) (holding that a "hearing to make an advanced determination of conspiracy is unnecessary for the Court's determination by a preponderance of evidence that a conspiracy existed."); *United States v. Hin-Yung,* 97 F. Supp. 2d 24, 37 (D.D.C. 2000) (where the Court, relying upon *Jackson, supra*, denied defendant's motion for pre-determination and allowed the government to prove admissibility at trial "subject to connection."); *United States v. Cooper,* 91 F. Supp. 2d 60, 78 (D.D.C. 2000) (where the Court, relying upon *United States v. Gantt,* 617 F.2d 831, 845 (D.C. Cir. 1980), declined to conduct a pre-trial hearing and instead ruled that it would instruct the jury to disregard hearsay statements if a substantial connection has not been produced by the close of the government's case).

matter, to avoid what otherwise would become a separate trial on the issue of admissibility, the court may admit declarations of co-conspirators 'subject to connection.'"); *(Joseph) Jackson*, 627 F.2d at 1218 (trial courts are not required to hold "mini-trials" on the conspiracy issue before the conditional admission of a co-conspirator's statements).

Wherefore, the government respectfully requests the Court to grant this Motion *in Limine* and admit co-conspirator statements during trial "subject to connection," once the government has elicited facts to support that the relevant statement(s) are in furtherance of the conspiracy.

Respectfully submitted,

JEANNINE FERRIS PIRRO
United States Attorney

By:    /s/ Karen Seifert
Karen P. W. Seifert
N.Y. Bar No. 4742342
Steven B. Wasserman
D.C. Bar No.453251
Assistant United States Attorneys
National Security Section
601 D Street, NW, 5th Floor
Washington, DC 20530
(o) 202-252-7719 (Wasserman)
(o) 202-252-7527 (Seifert)
steve.wasserman@usdoj.gov
karen.seifert@usdoj.gov

Christina Clark
D.C. Bar No. 995326
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
christina.clark3@usdoj.gov
(o) 202-412-4213

-