UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 23-cr-91-2 (CKK) |
| | : | |
| v. | : | |
| | : | |
| JIN GUANGHUA, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF DEFENDANT'S INTERNET SEARCHES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant's Motion *in Limine* to Exclude Evidence of Defendant's Internet Searches (ECF No. 109). In support of this opposition, the government relies on the following points and authorities and any points and authorities which may be raised at a hearing on this motion.

I. **FACTUAL BACKGROUND**

As addressed in previous filings, the investigation of Defendant Jin and his co-conspirators revealed a lengthy conspiracy to purchase tobacco products and other goods for the benefit of North Korea through accessing the U.S. financial system. *See* ECF No. 64 at 1-6. As part of the conspiracy, the Defendant used front companies and falsified shipping records to conceal from the banks that processed the U.S. dollar payments for these transactions that they were for the benefit of North Korea—a violation of U.S sanctions. The Indictment (ECF No. 13) sets forth a detailed summary of the U.S. sanctions regime against North Korea and that U.S. sanctions preclude, *inter alia*, the export or re-export of goods and services (including U.S. financial services) from the U.S. to or for the benefit of North Korea. *Id.* at ¶s 13-14, 21-23.

The Indictment charges the defendant with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1344 and 1349, conspiracy to violate the International Economic Emergency Powers Act (IEEPA), substantive violations of IEEPA and the North Korean Sanctions Regulations (NKSR), in violation of 50 U.S.C. § 1705(a) and 31 C.F.R. Part 510, and conspiracy to commit money laundering and the laundering of monetary instruments, in violation of 18 U.S.C. § 1956(h) and (a)(2)(A). As part of the proof to establish violation of these offenses, the government will need to establish that the defendant and his co-conspirators engaged in, attempted to engage in, and conspired to export or re-export goods and services (*i.e.*, U.S. financial services) to North Korea, and that they had knowledge that their conduct was unlawful. *United States v. Quinn*, 401 F. Supp.2d 80, 100 (D.D.C. 2005) (Defendants charged with IEEPA violations related to the Iran trade embargo). Accordingly, facts which tend to prove that Defendant Jin and his co-defendants were conducting business with North Korea and were aware of the existence of sanctions during the relevant time period are extremely probative of the defendants' *mens rea*. *See* Fed. R. Evid. 401.

On October 15, 2024, the government disclosed to the defense the search warrant results for Defendant Jin's email account, jinguanghua2014@gmail.com. Included within these search warrant results was Jin's Internet browser history, which revealed numerous searches related to North Korea as well as articles addressing topics about U.S. sanctions against North Korea and North Korea's tobacco industry. *See* ECF Nos. 109-1 – 109-9.[1] The time period in which defendant conducted these searches was between September 2014 and November of 2019, which

---

[1] The government is attaching as Exhibit A the translated version of an additional document previously provided to the defense, which lists Defendant's Internet search history. As related to this particular Exhibit, the government only seeks to introduce at trial the search results listed for the portions that were translated into English and/or marked with a red box.

2

substantially overlaps the time-period of the charged conspiracy. On June 6, 2025, the government provided the defendant notice that it planned to have the documents listing his browser history translated along with certain news articles that were included within these search results. On June 30, 2025, the government provided the defense with the translations of the browser results and the news articles.

Defendant seeks to preclude the government from admitting this extremely probative evidence establishing his business activities within North Korea and his knowledge of sanctions against North Korea. Defendant asserts the following grounds in support his motion: (1) the Google searches and websites visited are "irrelevant to any material issue"; (2) some of the search results involve "impermissible other crimes evidence"; and (3) the search histories should be excluded under Fed. R. Evid. 403. Defendant's motion is without merit and should be denied.

## II. ARGUMENT

### A. Defendant's Internet Search History is Intrinsic to the Offenses with Which He is Charged.

Evidence is "intrinsic if it is 'inextricably intertwined' with the charged crime." *United States v. Khanu*, 664 F. Supp. 2d 80, 82 (D.D.C. 2009) (quoting *United States v. Bowie*, 232 F.3d 923, 927-28 (D.C. Cir. 2000)). "In other words, if the evidence is of an act that is part of the charged offense, it is properly considered intrinsic. In addition, some uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *Bowie*, 232 F.3d at 929. Further, evidence which is "offered as direct evidence of the charged crime" is also considered intrinsic. *United States v. Roberson*, 581 F. Supp.3d 65, 72 (D.D.C. 2022) (holding that email messages by defendant leading up to his transmission of child pornography via a single email—the only email charged in the indictment - were intrinsic to the charged offense because the acts were performed contemporaneously with the

charged crime and facilitated the commission of the charged crime.) *Id*. at 73; *See also United States v. Suggs*, 625 F. Supp.3d 428, 435 (E.D. Pa 2022). By contrast, Federal Rule of Evidence 404(b) applies to evidence of a defendant's other crimes, wrongs, or acts, and permits introduction of such evidence to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," among other uses. Fed. R. Evid. 404(b)(2).

    Defendant Jin's Internet searches, all of which involve searches for information about North Korea, including articles about U.S. and U.N. sanctions against North Korea and articles discussing the North Korean tobacco industry, are intrinsic evidence to the charged offenses. As discussed *supra*, the government is required to prove, *inter alia*, that the defendant was engaged in exporting or attempting to export goods and services (*i.e.*, U.S. financial services) to North Korea from the United States or by a U.S. person, and that he had knowledge that such activities were unlawful. Defendant's numerous Internet searches about events in North Korea, including for example about its leadership, relations with other countries, its economic interests such as its tobacco industry, as well as applicable sanctions against North Korea by the U.S. and international community, are highly relevant to establishing that the defendant was conducting business with entities in North Korea and that he had knowledge of U.S. sanctions.

    As mentioned *supra*, the relevance of these searches is further enhanced by the fact that they were conducted contemporaneously with his participation in the various conspiracies charged in the indictment—to wit, between at least September of 2014 and November of 2019. It is also clear that these acts facilitated the commission of the charged offenses because the information accessed by the Defendant about North Korea and the current state of sanctions against it could reasonably be expected to have facilitated the efforts of the Defendant and his co-defendants to procure and maintain business with North Korea, as well as to inform them about how best to

4

evade these sanctions. Further, in conducting these searches, the defendant utilized the same email address that he used to send and receive numerous emails to conduct communications that were in furtherance of the charged conspiracies. *Cf., United States v. Grunwaldt*, No. 23-4257, 2025 WL 1577561, *4 (4th Cir. 2025) (finding web searches from same time as the charged child pornography offense, "located on the same device that the defendant used" to film child victim were intrinsic). Accordingly, the Defendant's use of his email account to conduct searches on the Internet related to North Korea facilitated the commission of the charged offenses.

     Defendant's claim that his browser history, which demonstrates his intense interest in events occurring in North Korea, including the status of U.S. sanctions, is "irrelevant" strains credulity. Further, the Defendant's willingness to acknowledge his awareness of "the general existence of international sanctions and U.S. sanctions on North Korea (ECF No. 109 at 10)" does not compel the government to accept this acknowledgment and limit the introduction of highly probative evidence. It is well established that the "'standard rule [is] that the prosecution is entitled to prove its case by evidence of its own choice…'" *United States v. Douglas*, 482 F.3d 591, 597 (D.C. Cir. 2007) (citation omitted). This is true even where a defendant offers to "'stipulate or concede an element of the offense,'" because such concession "'does not deprive the government's evidence of relevance.'" *Id.* (quoting *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998).

     Defendant's attempt to inaccurately reframe the *mens rea* element the government must establish in order to prove the offenses in an effort to undermine the clear relevance of his Internet searches is equally meritless. Rather than be required to prove Defendant "knew that it was a violation of U.S. law to send and receive wire transfers involving U.S. correspondent banks (ECF No. 109 at 10)," the government need only prove that the Defendant "intentionally participated in

5

that conspiracy with knowledge of its unlawful purposes, and with the intent to further its unlawful objectives."[2] Further, the term "'[u]nlawfully' simply means contrary to law. A defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts."[3] Notwithstanding the Defendant's mischaracterization of the *mens rea* element for the offenses, even using his version of the *mens rea* standard clearly demonstrates the relevance of the Internet search history.

      B.  *The Defendant's Internet Search History is also Admissible Under Rule 404(b).*

Rule 404(b) "is a rule of inclusion rather than exclusion." *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000). "[T]he rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance—for the purpose of proving that a person's actions conformed to his character." *Id.* at 929-30 (quoting *Crowder*, 141 F.3d at 1206 (internal quotation marks omitted)). A two-step analysis governs the admission of evidence under Rule 404(b). *See United States v. Sitzmann*, 856 F. Supp. 2d 55, 61– 62 (D.D.C. 2012) (reviewing law and collecting cases); *see also United States v. Cassell*, 292 F.3d 788, 794–96 (D.C. Cir. 2002) (applying two-step analysis); *see, e.g.*, *United States v. Latney*, 108 F. 3d 1446, 1448 (D.C. Cir. 1997) (Rule 404(b) properly permitted evidence of uncharged indicia of distribution "for the purpose of showing [defendant's] intent and knowledge" in using vehicle to distribute drugs); *United States v. McCarson*, 527 F.3d 170 (D.C. Cir 2008) (Evidence of defendant's two prior convictions for possession of gun and two prior convictions for distribution was admissible under Rule 404(b) because evidence was relevant to issues of intent and knowledge).

---

[2] *United States v. Germine*, 22-cr-161 (JDB), May 15, 2025, P.M., Trial Tr. at 2167 (Exhibit B)

[3] *Id.* at 2168.

6

First, the evidence must be "probative of a material issue other than character." *See United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990) (quoting *United States v. Huddleston*, 485 U.S. 681, 686 (1988)). Second, the evidence is subject to the balancing test of Federal Rule of Evidence 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *See id.* Furthermore, as this Circuit has noted, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *See Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) ("Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'")); *see also United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger substantially outweigh[s] the evidence's probative value." (internal quotation marks and citations omitted) (emphasis and brackets in original). "Rule 403 tilts, as do the rules as a whole, toward the admission of evidence in close cases, even when other crimes evidence is involved." *Cassell*, 292 F.3d at 795 (quoting *United States v. Moore*, 732 F.2d 983, 989 (D.C. Cir. 1984)) (internal quotation marks omitted).

The evidence of the defendant's Internet search history related to North Korea is highly probative of his knowledge of U.S. sanctions, his intent to violate such sanctions, and his absence of mistake. Further, the frequency and nature of his Internet searches concerning North Korea, which include searches related to the North Korean tobacco industry, is corroborative of other evidence establishing his business activities with North Korea, including email communications recovered from his email account and the accounts of some of his co-defendants that the Defendant conducted business with North Korea throughout the life of the conspiracy. Such evidence is material to the Defendant's ongoing plan/scheme to conduct business with North Korea in

violation of U.S. sanctions. *See Roberson*, 581 F. Supp.3d at 77 (admitting excerpts from defendant's Internet activity demonstrating sexual interest in children under Rule 404(b) as evidence establishing "motive, intent, knowledge and/or absence of mistake in sending video at issue."); *United States v. Hite*, 916 F. Supp.2d 110, 119-20 (D.D.C. 2013) (same); *Suggs*, 625 F. Supp.3d at 441-42 (finding defendant's Internet search for a "Glock 43," while not contemporaneous to the charged robberies, was admissible under Rule 404(b) as evidence of his opportunity to possess a firearm).

Like all other evidence, evidence admissible under Rule 404(b) is subject to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on the following inquiry: whether its probative value is not substantially outweighed by the danger of unfair prejudice. *United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984). Here, the highly probative value of this evidence is not substantially outweighed by potential prejudice to the Defendant. Any potential prejudice is not unique to this case—where the government has shown a permissible nonpropensity purpose—but is endemic to all 404(b) evidence. *Douglas*, 482 F.3d at 601 (D.C. Cir. 2007). Prejudice in this attenuated sense cannot justify a *per se* rule of exclusion. *See id.* The defense must show "compelling or unique" evidence of prejudice, *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995), distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any 404(b) evidence. This Circuit has consistently affirmed minimizing the residual risk of prejudice not by exclusion, but by issuing limiting instructions to the jury. *See, e.g., Douglas*, 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis). Thus, the evidence is not unduly prejudicial.

Here, as conceded by the Defendant, when viewed in isolation, "[s]earches for general news about North Korea…demonstrate only an interest in North Korea and news about North Korea." ECF No. 109 at 6. Thus, the introduction of Defendant's search history relating to North Korea is not *per se* evidence of criminal behavior and is far less prejudicial than more traditional forms of 404(b) evidence, such as past acts of possessing firearms, child pornography or narcotics. As such, any resulting prejudice from the admission of what could otherwise be characterized as relatively innocuous behavior will be minimal, and certainly does not rise to the level of unfair prejudice required under Rule 403.[4] For these reasons, should the Court find that the Defendant's Internet searches are more properly considered to fall within the purview of Rule 404(b), the government submits that the evidence is admissible under this rule.

Wherefore, the government hereby requests that the defendant's motion *in limine* to exclude evidence of his Internet searches be denied.

                                                   Respectfully submitted,

                                                   JEANINE FERRIS PIRRO
                                                 UNITED STATES ATTORNEY

By:   /s/ *Steven Wasserman*
       STEVEN B. WASSERMAN
       D.C. Bar No. 453251
       KAREN P. W. SEIFERT
       N.Y. Bar No. 4742342
       Assistant United States Attorneys
       National Security Section

---

[4] To the extent that the Defendant seeks to preclude this evidence for lack of notice under 404(b), as discussed *supra*, the government would note that it only recently obtained the translations of the Internet searches, and has viewed the evidence as intrinsic to the charged offenses and thus not subject to the notice requirement under Rule 404(b). In addition, the Defendant fails to articulate any prejudice resulting from any delay in notice (for which the instant opposition now serves) under Rule 404(b). Trial is still two months away and Defendant has been in possession of the search history since October of 2024.

601 D Street, NW, 5th Floor
Washington, DC 20530
(o) 202-252-7719 (Wasserman)
(o) 202-252-7527 (Seifert)
Steve.wasserman@usdoj.gov
Karen.seifert@usdoj.gov

CHRISTINA CLARK
D.C. Bar No. 995326
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530