IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 23-CR-91-02 (CKK) |
| : | |
| JIN GUANGHUA : | |

**OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
RELATED TO FDIC INSURED BANKS**

The United States of America, by and through undersigned counsel, opposes the Defendant, Jin Guanghua's Motion *in Limine* to exclude evidence of non-FDIC insured banks and to compel grand jury testimony (ECF No. 128). The government intends to prove that all the U.S. banks that processed the relevant transactions in this case meet the statutory definition of a financial institution under 18 U.S.C. § 20. The defense has shown no basis to be provided with grand jury material related to the same issue. The Defendant's motion should be denied as moot.

**PROCEDURAL BACKGROUND**

The parties agree that, relevant here, Count One of the Indictment in this case charges defendant with conspiracy to commit bank fraud, 18 U.S.C. § 1344, 1349. The statute requires that the banks at issue must meet the definition of a "financial institutions," as defined by 18 U.S.C. § 20, and the Indictment alleges the same. *See* ECF No. 13 at ¶ 47. The indictment does not charge any substantive counts of bank fraud with respect to any particular U.S. financial institution.

In anticipation of trial in this matter, on July 24, 2025, government counsel requested that defense stipulate to the fact that the relevant banks were insured by the Federal Deposit Insurance Corporation (FDIC), as a typical stipulation for cases tried in this District. (The FDIC has a publicly-accessible website that lists which U.S. banks are insured by FDIC.) In response, defense

1

stated it could not identify all the entities at issue on the FDIC's website and did not intend to stipulate, lest the government produce the certificates of insurance for the relevant institutions.[1]

Thereafter, and without further consultation, defense filed the instant Motion (ECF No. 128). On August 7, 2025, the government provided defense FDIC certifications for six of the banks at issue, and further explained how it intended to show that 18 U.S.C. § 20 is met with respect to the remaining financial institutions.

## STATUTORY BACKGROUND

The bank fraud statute uses the definition of "financial institution" found in 18 U.S.C. § 20. Under the Fraud Enforcement and Recovery Act, Pub. L. 111-21 (2009), the definition of "financial institution" in 18 U.S.C. § 20 was broadened substantially to include several types of financial institutions, the assets of which might not be federally insured. *See United States v. Grasso*, 724 F.3d 1077, 1089 n.13 (9th Cir. 2013) (explaining that Congress amended 18 U.S.C. § 20 to expand the definition of "financial institution" for purposes of § 1344(1)).

In relevant part, Section 20 defines a financial institution as follows:

> (1) an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Insurance Act); . . .
>
> (6) a depository institution holding company (as defined in section 3(w)(1) of the Federal Deposit Insurance Act;
>
> (7) a Federal Reserve bank or a member bank of the Federal Reserve System;
>
> (8) an organization operating under section 25 or section 25(a) [1] of the Federal Reserve Act;
>
> (9) a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978) . . . .

---

[1] Contrary to the Defendant's claims (at 6), the government was not seeking to "discharge" its evidentiary burden "by having the defense stipulate away elements for which proof is lacking." Rather, the government was attempting to reduce the length of trial by asking defense to stipulate to issues which are typically not in dispute between the parties.

2

The International Banking Act of 1978, codified at 12 U.S.C. § 3101, provides the following relevant definitions.

> (1) "agency" means any office or any place of business of a foreign bank located in any State of the United States at which credit balances are maintained incidental to or arising out of the exercise of banking powers, checks are paid, or money is lent but at which deposits may not be accepted from citizens or residents of the United States;
> . . .
> (3) "branch" means any office or any place of business of a foreign bank located in any State of the United States at which deposits are received;
> . . .
> (7) "foreign bank" means any company organized under the laws of a foreign country, a territory of the United States, Puerto Rico, Guam, American Samoa, or the Virgin Islands, which engages in the business of banking, or any subsidiary or affiliate, organized under such laws, of any such company. For the purposes of this chapter the term "foreign bank" includes, without limitation, foreign commercial banks, foreign merchant banks and other foreign institutions that engage in banking activities usual in connection with the business of banking in the countries where such foreign institutions are organized or operating . . . .

## ARGUMENT

**I.  The Government Will Meet Its Burden of Proof Regarding 18 U.S.C. § 20.**

As an initial matter, in order to prove the elements of Count One, conspiracy to commit bank fraud, the government is not required to prove that any particular U.S. financial institution, as defined in 18 U.S.C. § 20, was actually defrauded. All that is required is proof that the goal of the conspiracy was to commit bank fraud.[2] At trial, the government will not be required to show that every bank transaction at issue in the case was processed by a U.S. financial institution.

---

[2] *United States v. Young-Bey, et al.*, 1:21-cr-661, Dkt. 224 (CKK) (D.D.C. 2024); *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. 2017); *United States v. Germine*, 22-cr-161 (JDB) (D.D.C. 2025); see also Redbook 7.102 (2025 Edition).

Nonetheless, the government anticipates at trial that evidence will show that all the financial institutions that processed relevant transactions meet the definition of 18 U.S.C. § 20.

- First, the government anticipates it will introduce business records of the FDIC, showing that the following institutions were insured by the FDIC during the timeframe of the conspiracy, and thus were "financial institutions" under 18 U.S.C. § 20(1): (a) Deutsche Bank; (b) Wells Fargo; (c) JPMorgan Chase Bank; (d) Citibank; (e) Bank of New York Mellon; and (f) HSBC;
- Second, the government anticipates it will introduce evidence that Standard Chartered and Banco de la Nacion Argentina are "foreign banks" that have "a branch or agency" operating in the United States, as defined in 12 U.S.C. § 3101(1), (3), (7), and thus were financial institutions within the meaning of 18 U.S.C. § 20(9); and
- Third, the government anticipates it will introduce evidence that the Federal Reserve was a "financial institution" within the meaning of 18 U.S.C. § 20(7).

The arguments (at 6-11) in the Defendant's Motion do not comprehend the scope of the government's proof. There are "ten different definitions" of "financial institution" in 18 U.S.C. § 20, any of which will satisfy the requisite element for a bank fraud charge. *See United States v. Young-Bey*, 21-Cr.-661 (CKK), 2024 WL 308470, *2-3 (Jan. 27, 2024). Because each of the financial institutions at issue satisfy 18 U.S.C. § 20, there is no evidence for the Court to limit, and the Defendant's motion should be denied as moot.

## II. Defendant Has Not Shown Entitlement to Grand Jury Records.

Given the above, there is no evidence of bad faith on the part of the government sufficient to entitle defense to the production of grand jury records. In any event, the government has reviewed the grand jury transcripts and confirmed that there were no misrepresentations made with

respect to the status of the financial institutions at issue. This is yet another fishing expedition by defense, and the government incorporates by reference its prior Opposition to the Defendant's Motion for Disclosure of Grand Jury Material. ECF No. 68.

        Respectfully submitted,

        JEANINE FERRIS PIRRO
        United States Attorney

By:   */s/ Karen Seifert*
        Karen P. W. Seifert
        N.Y. Bar No. 4742342
        Steven B. Wasserman
        D.C. Bar No.453251
        Assistant United States Attorneys
        National Security Section
        601 D Street, NW, 5th Floor
        Washington, DC 20530
        (o) 202-252-7719 (Wasserman)
        (o) 202-252-7527 (Seifert)
        steve.wasserman@usdoj.gov
        karen.seifert@usdoj.gov

        Christina Clark
        D.C. Bar No. 995326
        Trial Attorney
        U.S. Department of Justice
        National Security Division
        950 Pennsylvania Avenue, NW
        Washington, DC 20530
        christina.clark3@usdoj.gov
        (o) 202-412-4213