UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JIN GUANGHUA,<br><br>Defendant. | Criminal Action No. 23-091-2 (CKK) |

**MEMORANDUM OPINION & ORDER**
(September 10, 2025)

Defendant Jin Guanghua faces trial on seven counts charging him with participating in a bank-fraud, sanctions-evasion, and money-laundering conspiracy. *See* Indictment, ECF No. 13; Order, ECF No. 144 (dismissing certain counts for lack of proper venue). Jin has filed a motion to compel the Government to produce unredacted versions of materials that the Government produced to him in redacted form on the date that this Court set as the deadline for for *Giglio*, Jencks Act, and Rule 26.2 productions. Def.'s Mot., ECF No. 182; *See* Am. Scheduling Order, ECF No. 39. The Government opposes Jin's motion. Gov't's Opp'n, ECF No. 185.

In compliance with the procedure for review of information withheld from disclosure under the Jencks Act on the grounds that it "does not relate to the subject matter of the testimony of the witness," the Government has provided the Court with unredacted versions of the materials at issue. *See* 18 U.S.C. § 3500(c). The Court has thoroughly reviewed these unredacted materials *in camera*. *See id.*

Upon consideration of these unredacted materials, the parties' submissions, the relevant legal authority, and the entire present record, the Court concludes that the Government's redactions are appropriate and consistent with its obligations under the Jencks Act, *Giglio*, *Brady*, and Rule 16. Accordingly, the Court shall **DENY** Jin's [182] Motion to Compel Production.

1

**I.**

The Jencks Act requires the Government to produce to the defense "any statement" of a Government witness "in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b); *see also* Fed. R. Crim. P. 26.2. In this Circuit, a statement "relates to" a Government witness's testimony and within the scope of this rule only if it "overlap[s] with the subject matter of the testimony" or otherwise would enable the defense to impeach the witness. *Norinsberg Corp. v. U.S. Dep't of Agric.*, 47 F.3d 1224, 1228–30 (D.C. Cir. 1995).

The Government also has a duty to disclose to the defense all information known to the Government that is "favorable to an accused" and "material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also* LCrR 5.1; Order, ECF No. 29. This obligation includes a duty to disclose evidence bearing on the credibility of witnesses. *Giglio v. United States*, 405 U.S. 150, 154 (1972).

**II.**

Jin's motion seeks disclosure of unredacted versions of transcripts of testimony, emails, and other documents that the Government produced at the deadline for production of Jencks Act, *Giglio*, and Rule 26.2 material, which the Government's response groups into five categories: (1) grand jury testimony of Fernando Bartoletti, an employee of the cooperating company Cooperativa de Tabacaleros de Jujay ("CTJ"); (2) grand jury testimony of FBI Forensic Accountant Dawson Anglin, (3) emails of Forensic Accountant Anglin; (4) a search warrant affidavit executed by FBI Special Agent Benjamin Whitley; and (5) emails of Emily Williams, an employee of the U.S. Department of the Treasury. *See* Def.'s Mot., ECF No. 182; Gov't's Opp'n, ECF No. 185, at 5 (proposing categorization). The Court takes each of these categories in turn.

### III.

1. **Bartoletti Testimony**

After Jin filed the pending motion and a related motion seeking dismissal of the indictment based on allegedly false statements in Bartoletti's grand jury testimony, the Government produced to Jin the full, unredacted transcript of that testimony. *See* Gov't's Opp'n, ECF No. 185, at 7. Jin's motion to compel production of this testimony is therefore **DENIED AS MOOT**.

2. **Anglin Testimony**

The Government redacted portions of Anglin's grand jury testimony that reflect (a) a prosecutor's own statements to the grand jury; (b) legal background regarding U.S. and U.N. sanctions against North Korea; (c) factual background regarding North Korea's weapons of mass destruction ("WMD") program and North Korea's leaders; (d) factual background regarding North Korea's production of cigarettes and its *modus operandi* of using sales of cigarettes to fund its WMD program; (e) discussions of the undercover investigation in this case that address facts about which Anglin has no personal knowledge and was relying on information that he learned from other law enforcement agents; and (f) testimony of Fernando Bartoletti that was read into the record. *See* Gov't's Opp'n, ECF No. 185, at 8–10.

Because the Government has now produced to Jin the unredacted transcript of Bartoletti's testimony, Jin's motion to compel production of the portions of the transcript of Anglin's testimony in which Bartoletti's testimony was read into the record is **DENIED AS MOOT**.

Upon review of the unredacted version of Anglin's grand jury testimony, the Court concludes that the remaining redacted information does not relate to Anglin's planned trial testimony and was properly withheld from disclosure, for the following reasons:

(a) The prosecutor's statements are not statements of the witness.

(b) Anglin will not testify at trial about the legal context for U.S. and U.N. sanctions.

3

(c) Anglin will not testify at trial about North Korea's WMD program or North Korea's leaders. *See* Mem. Op. & Order, ECF No. 171 (precluding testimony about the factual background of North Korea's WMD program).

(d) Anglin will not testify at trial about North Korea's production of cigarettes and its *modus operandi* of using sales of cigarettes to fund its WMD program. *See* Order, ECF No. 170 (limiting the scope of *modus operandi* testimony to matters identified in Anglin's expert notice).

(e) Anglin will not testify about the topics discussed in the redacted portions of his discussion of the undercover investigation, which are topics about which he lacks personal knowledge. *See* Fed. R. Evid. 602.

Because the Government's redactions of this information were proper, Jin's motion to compel production of the remainder of the unredacted testimony is **DENIED**.

### 3. Anglin Emails

The Government redacted portions of Anglin's emails that reflect (a) statements in a chain of emails that were made by other individuals; (b) statements in a chain of emails that are not relevant and involve other matters; and (c) statements in a chain of emails that do not relate to Anglin's trial testimony. *See* Gov't's Opp'n, ECF No. 185, at 10.

Upon review of the unredacted version of Anglin's emails, the Court concludes that the remaining redacted information does not relate to Anglin's planned trial testimony and was properly withheld from disclosure, for the following reasons:

(a) Statements by other individuals are not statements of the witness.

(b) Anglin will not testify about topics that are not relevant to this case. *See* Fed. R. Evid. 402.

(c) Anglin will not testify about any of the other topics, which may be relevant to this case, that are discussed in the redacted portions of his emails.

Because the Government's redactions of this information were proper, Jin's motion to compel production of the unredacted emails is **DENIED**.

Finally, Jin notes in his reply that the Government provided him with revised versions of its redacted productions of Anglin's emails on September 9, 2025, but that the editing of these revised versions makes it unclear what material remains redacted. *See* Def.'s Reply, ECF No. 189, at 5. The Court expects that the parties will confer in good faith and resolve this narrow issue without further intervention from the Court.

4. **Whitley Affidavit**

The Government redacted portions of Whitley's affidavit in support of a search warrant application that reflect (a) the warrant application, the warrant itself, and attachments; (b) a statement of jurisdiction for the search warrant; (c) the names of target accounts, other than the one relevant target account, that were the subject of the search warrant; (d) legal background regarding the alleged criminal offenses that were the subject of the warrant; (e) factual background regarding North Korea's use of the U.S. financial system despite U.S. and U.N. sanctions against North Korea; (f) factual background regarding methods used by North Korea's Foreign Trade Bank to evade sanctions; (g) a summary of evidence establishing probable cause for target accounts other than the one target account; and (h) factual background regarding the email providers whose records were to be searched. *See* Gov't's Opp'n, ECF No. 185, at 10–12.

Upon review of the unredacted version of Whitley's affidavit, the Court concludes that the redacted information does not relate to Whitley's planned trial testimony and was properly withheld from disclosure, for the following reasons:

5

*First*, the redacted information does not relate to any matter about which Whitley will testify, including the facts and circumstances surrounding the one email address identified in the search warrant that is not redacted.

*Second*, all of the information in the affidavit that is directly related to the investigation and indictment in this case was produced to the defense; the excluded material addresses only the broader investigation of others who are not indicted in this case.

*Third*, as the Government correctly noted on the record during the pretrial conference on September 10, 2025, the warrant application itself is not subject to disclosure to Jin as *Brady* material because Jin is not among the targets of the warrant; therefore, he lacks standing to assert any substantive defects in the search warrant application in his own defense.

*Fourth*, and finally, some of the material redacted from Whitley's affidavit relates to details of the Government's investigative techniques, targets, and decisions that are not within the scope of Whitley's planned testimony, which are not subject to disclosure under the Jencks Act and in which the Government has a legitimate interest in protecting except as required by law.

Because the Government's redactions of information in Whitley's affidavit were proper, Jin's motion to compel production of the unredacted affidavit is **DENIED**.

5. **Williams Emails**

Finally, the Government redacted portions of Williams's emails that reflect (a) statements between Williams and other Department of the Treasury employees related to the Department's process for approving the production of materials to the Department of Justice, and (b) statements in a chain of emails that were made by other individuals. *See* Gov't's Opp'n, ECF No. 185, at 12.

Upon review of the unredacted version of Williams's emails, the Court concludes that the redacted information does not relate to Williams's planned trial testimony and was properly withheld from disclosure, for the following reasons:

(a) Williams will not testify about the Department of the Treasury's process for approving the production of materials to the Department of Justice, and statements by other individuals on this topic are not statements of the witness.

(b) Statements by other individuals are not statements of the witness.

Because the Government's redactions of this information were proper, Jin's motion to compel production of the unredacted emails is **DENIED**.

## IV.

For the foregoing reasons, it is **ORDERED** that Jin's [182] Motion to Compel Production of Unredacted Jencks, *Brady*, and Rule 16 Material is **DENIED**. However, the Court shall retain the unredacted materials and—upon a timely and specific request during trial—may order further productions, if necessary, based on the actual testimony elicited from the Government's witnesses.

It is further **ORDERED** that the Government shall preserve "the entire text" of each statement at issue, and "in the event the defendant appeals," the Government shall make these statements "available to the appellate court for the purpose of determining the correctness of" this Court's ruling. *See* 18 U.S.C. § 3500(c).

**SO ORDERED.**

Dated: September 10, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge