UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | } |
| | } |
| | } Criminal No. 23-CR-91-CKK |
| v. | } |
| | } |
| GUANGHUA JIN, | } |
| | } |
| Defendant. | } |
| | } |

**DEFENDANT'S MOTION TO PRECLUDE TESTIMONY
REGARDING PROFITS AND FOR A RULING THAT
CTJ DOCUMENTS ARE BUSINESS RECORDS**

Mr. Jin, through counsel, respectfully moves the Court to: (1) rule that all documents in government Exhibit 200 are the business records of CTJ under Rule 803(6); and (2) preclude any testimony or exhibits relating to Winney's profits.

I. **THE ENTIRETY OF THE CTJ DOCUMENTS ARE ADMISSIBLE AS BUSINESS RECORDS, AND THE GOVERNMENT IS ESTOPPED FROM ARGUING TO THE CONTRARY.**

Mr. Jin respectfully submits that, for the remainder of this trial, the Court need not even consider whether any individual excerpt of the CTJ records (Government Exhibit 200) is barred by the hearsay rule. All documents in Exhibit 200 are CTJ's business records and therefore, any document within those records that are shown to be relevant is admissible in this trial pursuant to Fed. R. Evid. 803(6). Further, the government should be estopped from arguing to the contrary.

The government's Exhibit 200 consists of 4004 pages of documents produced by CTJ. Mr. Fernando Bartoletti, CTJ's custodian of records, executed a certificate attesting to the entire 4004

pages as the business records of CTJ as defined by Fed R. Evid. 803(6). *See* Gov. Ex. 200C (attesting that the documents were "made at or near the time of the occurrence of the matters…by, or from information transmitted by, a person with knowledge of those matters," "kept in the course of regularly conducted business activity," "made as part of the regularly conducted business activity" ). He signed the certificate twice. Once in 2022, and again in 2025. *See id.* The government has moved the certificate into evidence. It has further relied on this certificate to move into evidence some 1500 pages of Exhibit 200 during the testimony of Special Agent Whitley.

The doctrine of judicial estoppel provides that "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001). Here, the government has succeeded in persuading this Court to admit numerous documents from Exhibit 200 into evidence on the basis of Mr. Bartoletti's certificate. The government also moved into evidence the certificate itself, thereby also adopting the truth of the certificate.[1] Under these circumstances, it should be estopped from arguing that, contrary to the declaration of the certificate, some portion of Exhibit 200 are in fact not business records of CTJ.

II.   **THE COURT SHOULD EXCLUDE GOVERNMENT EXHIBIT 375, AND FURTHER, PRECLUDE ANY TESTIMONY REGARDING WINNEY'S PROFITS.**

---

[1] The Court previously found that documents sent by Mr. Jin's employees may be admitted as Mr. Jin's statements, even if the document was not created by the employee. Here, the government moved statements into evidence in a judicial proceeding—a much more solemn occasion. Thus, Mr. Bartoletti's certificate can also be deemed an adoptive admission of the government.

The government has indicated that it intends to use Government Exhibit 375 during the testimony of Mr. Dawson Anglin, an FBI forensic accountant. Exhibit 375 is a PDF document entitled "Winney Sales and Estimated Profit Margin Analysis." The remainder of the Exhibit purports to showcase how Mr. Anglin performed this analysis by, inter alia, using records from CTJ and documents from Mr. Jin's email account (i.e., the documents in Exhibit 101). In essence, Mr. Anglin seems to have somehow arrived at an estimate of the total amount of money Winney received from North Korean companies in connection with its purchases of tobacco from CTJ, and then subtracted from this sum the total amount of money that Winney paid CTJ.

The Court should preclude this testimony under Rule 702, because Mr. Anglin's opinion regarding Winney's profits is clearly unreliable. A business's profits is obviously more complicated than simply subtracting the cost of goods sold from the money received. As the Court undoubtedly knows by now, Winney had actual office locations in China and Dubai, and employed real people. Mr. Anglin's opinion of Winney's profits does not take any of this into account.

The Court should also preclude this testimony under Rule 16 of the Federal Rules of Criminal Procedure, because the subject of Winney's profits was never mentioned in Mr. Anglin's expert notice. Indeed, the word "profit" does not appear in that notice. *See* Exhibit 1 – Anglin Expert Notice. The Court has already previously admonished the government about its failure to adequately disclose Mr. Anglin as an expert. The government was given an opportunity to amend its error to providing a belated expert notice. It should not be given another chance to the prejudice of Mr. Jin.

Finally, Mr. Anglin's testimony about Winney's profits should be excluded under Rule 403. The question of how much "profit" Winney made is irrelevant to the issues in this trial. Further,

considering the unreliability of Mr. Anglin's analysis, such testimony has virtually no probative value, and will only unfairly prejudice the defense.

## CONCLUSION

The Court should enter a ruling finding that the documents in Exhibit 200 is not barred by the hearsay rule. The Court should further order that the government not be allowed to use Exhibit 375, and preclude any testimony about Winney's profits during Mr. Anglin's testimony.

Respectfully submitted,

By: /s/ Eugene Gorokhov
Eugene Gorokhov, Esq.
D.C. Bar No. 979785
Burnham & Gorokhov, PLLC
1634 I Street NW, Suite 575
Washington, D.C. 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing motion was filed via ECF, which automatically sends a copy to all counsel of record.

Respectfully submitted,

By: /s/ Eugene Gorokhov
Eugene Gorokhov, Esq.
D.C. Bar No. 979785
Burnham & Gorokhov, PLLC
1634 I Street NW, Suite 575
Washington, D.C. 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com