# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIN GUANGHUA,<br><br>Defendant. | Criminal Action No. 23-091-2 (CKK) |

## MEMORANDUM OPINION & ORDER
(September 18, 2025)

Defendant Jin Guanghua's jury trial on the first seven counts of the [13] Indictment in this case is underway. In an oral ruling during the afternoon session of trial on September 17, 2025, the Court provisionally excluded portions of Government's Exhibit 111 under Federal Rule of Evidence 403, noting that they appeared to involve conduct occurring several months after March 2019, which is the end of the period of the conspiracies that are charged in the indictment.[1]

The Government has now filed a written motion for reconsideration of the Court's provisional, oral ruling, providing additional context regarding the relevance and probative value of the information at issue in these exhibits. Gov't's Mot., ECF No. 206. Upon consideration of the Government's motion, Jin's opposition, the parties' prior written submissions and oral arguments, the relevant legal authority, and the entire present record, the Court shall **GRANT** the Government's [206] Motion for Reconsideration, **VACATE** its prior oral ruling excluding pages 144 to 147, 154 to 174, 179 to 189, 190 to 213, 214 to 215, and 216 to 217 of Government's Exhibit 111, and **ADMIT** those pages of Government's Exhibit 111 into evidence as statements of the defendant's agent, Han Linlin, pursuant to Federal Rule of Evidence 801(d)(2)(D).

---

[1] As of the time of writing, the transcript of this ruling is not yet available.

1

## I.

The Court issued the oral ruling at issue in the Government's [206] Motion in the course of resolving a series of evidentiary objections that were first raised to the Court's attention in Jin's [199] Trial Brief, which he filed on the evening before the jury in this case was sworn in.[2] These disputes implicate several hundreds of pages of emails, business documents, and financial records, many of which are written in foreign languages. Many of the records at issue are copies of emails that were sent using aliases, meaning that the identities of and relationships among the senders and recipients are not obvious on the face of the documents.

Despite the difficulties inherent in resolving evidentiary objections involving such a large volume of complex, interrelated records during an ongoing jury trial, the Court has endeavored to give full and fair consideration to each of Jin's objections. In the three days since Jin filed his [199] Trial Brief, the Court has allowed the parties to submit multiple rounds of additional argument and authority. The Court has also held evidentiary hearings outside the presence of the jury, allowing Jin to cross-examine the Government's witnesses about issues relevant to his objections. The Court has also heard oral arguments from the parties at the beginning and end of each trial day and during breaks. In response to Jin's objections, the Court has limited the purposes for which some of the Government's evidence may be admitted, and it has provisionally excluded other evidence. *See, e.g.*, Trial Tr. (Sept. 17, 2025, morning session) at 85:11–88:9.

---

[2] Jin previously raised some of the legal arguments presented in his [199] Trial Brief—though not the Rule 403 objection now at issue—in his [116] Response in Opposition to the Government's [101] Motion *in Limine* to Admit Co-Conspirator Statements, which sought an order establishing a procedure for the orderly presentation of statements proffered as statements of a co-conspirator under Federal Rule of Evidence 801(d)(2)(E). The Court did not resolve the issues raised in Jin's [199] Trial Brief at that earlier time because neither party asked the Court to do so. The only relief that Jin requested in his earlier [116] Response was that the Court deny the Government's [101] Motion establishing a procedure for the presentation of co-conspirator statements or, in the alternative, allow him the opportunity to present Defense evidence subject to the same procedure that the Court authorized for Government evidence. Jin did not separately file a motion *in limine* to exclude any evidence on the grounds later presented, approximately two months later, in his [199] Trial Brief. The Government did not file a motion *in limine* to admit the relevant documents, either.

**II.**

With the benefit of the Government's written submission and additional time to consider the issues, examine the relevant exhibits, and review the record, the Court concludes that the probative value of the portions of Government's Exhibit 111 at issue here is not substantially outweighed by the risk of unfair prejudice, confusing the issues, wasting time, or any other factor weighing against admissibility. *See* Fed. R. Evid. 403. The Court shall therefore **GRANT** the Government's [206] Motion for Reconsideration and **ADMIT** these exhibits.

The Court provisionally excluded these exhibits based on Jin's argument that events long post-dating March 2019—the end of the period of the charged conspiracies, as alleged in the indictment—has substantially diminished probative value as evidence of conspiracy. Jin's argument is based in part on the Court's conclusion that his own potentially exculpatory statements during the undercover investigation, which took place between May and July 2019, have less probative value because of their timing. *See* Mem. Op. & Order, ECF No. 192, at 10, 12–13.

However, after further consideration, the Court concludes that the documents contained within Government's Exhibit 111 that are at issue here have sufficient probative value to be admitted into evidence.

The portions of Government's Exhibit 111 at issue involve actions that Jin's codefendant, Han Linlin (also known as Henry Han), allegedly took at Jin's direction to change the legal names of two of the entities that are identified in the indictment. The Government's exhibits show that Winney FZCO (the company identified in the indictment as "Entity 5") changed its name to Bluebay FZCO (identified in the indictment as "Entity 7"), effective August 15, 2019, and that Winney Tobacco FZCO ("Entity 4") changed its name to Goldfield Tobacco FZCO ("Entity 6"), effective September 16, 2019. *See* Gov't's Trial Ex. 111 at 188, 207.

Although these name changes occurred after the end of the period of the conspiracies as alleged in the indictment, the indictment directly alleges that Jin, Han, and another co-defendant initiated these specific name changes "in order to avoid bank scrutiny," in furtherance of the conspiracy to commit bank fraud charged in Count One. Indictment, ECF No. 13, ¶ 52(f) ("On or about September 16, 2019, Entity 4 changed its name and became Entity 6."), (g) ("On or about August 15, 2019, Entity 5 changed its name and became Entity 7."). These specific allegations, which date after the end of the period of the conspiracy as charged in the indictment, charge Jin and his codefendants with continuing an unlawful course of conduct through at least September 2019. Accordingly, the fact that this conduct post-dates March 2019, which the Government designated as the end of the period of the charged conspiracy, is not in itself a reason to exclude the evidence.

The exhibits at issue are important, non-cumulative evidence in support of these indicted allegations regarding conduct later in 2019, and introducing them will not unfairly prejudice Jin or confuse the issues. Jin has had ample notice of the Government's plans to offer these exhibits at trial in support of its theories regarding the manner and means of the charged conspiracies. In accordance with the Court's [39] Amended Pretrial Scheduling Order, Jin received a copy of the Government's proposed trial exhibits on August 15, 2025—a full month before the jury was ultimately sworn in. Jin has also had ample notice of the substantive allegations that these exhibits are offered to support, dating back to the unsealing of the indictment in this case.[3]

As the Court noted in an earlier oral ruling, the passage of time does diminish the probative value of later statements and conduct as evidence regarding Jin's mental state and conduct during the period of the charged conspiracy. *See* Trial Tr. (Sept. 17, 2025, morning session) at 88:10–25.

---

[3] For this reason, the Court also declines to exclude these exhibits on the basis that the Government did not file a Rule 404(b) notice.

4

This conclusion is consistent with the Court's prior holding regarding the diminished probative value of potentially exculpatory statements that Jin made during the undercover investigation in this case, which took place between May and July 2019. *See* Mem. Op. & Order, ECF No. 192, at 10, 12–13. Accordingly, it would be proper for Jin to argue that the jury should not conclude from the exhibits at issue that Jin and his co-defendants engaged in the same or similar business practices or that they acted unlawfully during the period of the charged conspiracy. However, the Court holds that the passage of time is ultimately a matter of the weight to be afforded to these exhibits, not their admissibility. The exhibits therefore shall not be excluded under Rule 403.

### III.

Finally, as raised in Jin's opposition to the Government's Motion, the Court acknowledges that the admission of these exhibits may warrant partial reconsideration of its prior ruling regarding the admissibility of certain evidence regarding the undercover investigation in this case. The Court's prior ruling relied in part on the understanding that the Government intended "to limit the presentation of any evidence that might place at issue Jin's state of mind during this later period" after the end of the charged conspiracies. *See* Mem. Op. & Order, ECF No. 192, at 10. Although the Court does not now admit—or express any view on the merits of admitting—any additional evidence from the undercover investigation on this basis, the Court would entertain a motion for partial reconsideration based on the record developed during the Government's case-in-chief. *See id.* at 20 (establishing a procedure for renewed requests for admission of such evidence).

\*   \*   \*

## IV.

For the foregoing reasons, it is hereby **ORDERED** that the Government's [206] Motion for Reconsideration is **GRANTED**; the Court's prior provisional, oral ruling excluding pages 144 to 147, 154 to 174, 179 to 189, 190 to 213, 214 to 215, and 216 to 217 of Government's Exhibit 111 is **VACATED**; and those pages of Government's Exhibit 111 are **ADMITTED** into evidence as statements of the defendant's agent, Han Linlin, pursuant to Federal Rule of Evidence 801(d)(2)(D).

**SO ORDERED.**

**Dated:** September 18, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge