**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| JIN GUANGHUA, |
| Defendant. |

Criminal Action No. 23-091-2 (CKK)

**ORDER**
(March 12, 2026)

For reasons the Court discussed with the parties during a teleconference on the record on March 12, 2026, and shall explain in full in a forthcoming Memorandum Opinion, it is **ORDERED** that Mr. Jin's [267] Motion to Direct the Government to Comply with its *Brady*, Rule 16, and Other Disclosure Obligations, [273] Motion for Disclosure of Statements Under the Jencks Act, and [276] Motion to Compel Production of *Brady* Information and for an Evidentiary Hearing are each **GRANTED IN PART** and **DENIED IN PART**, as follows:

The Court **REAFFIRMS** that, consistent with Local Rule of Criminal Procedure 5.1, the Government is under an ongoing obligation to produce to Mr. Jin all material in its possession that is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972). *See* Order, Dkt. No. 29; Mem. Op. & Order, Dkt. No. 146. This ongoing obligation binds the Government's present counsel, regardless of the production decisions made by the Government's prior counsel.

It is **ORDERED** that the Government shall provide the Court with an unredacted version of any Jencks Act statement that it produces to Mr. Jin in redacted form. The Government may provide the unredacted versions of these statements to the Court for *in camera* review at any time, but it must do so no later than the conclusion of direct examination.

1

It is further **ORDERED** that Mr. Jin's request that the Court specify an earlier deadline for the disclosure of Jencks Act material is **DENIED**. With the consent of the Government, the deadline for disclosure of Jencks Act material established in the Court's [131] Trial Procedures Order shall govern.

It is further **ORDERED** that, no later than **12:00 p.m. ET on March 17, 2026**, the Government shall file an affidavit by Special Agent Erick Tarango that:

(1)    identifies with specificity the steps that Agent Tarango has taken, in the context of the Government's *Brady* review in this case, to:

   (a)    locate copies of all written, case-related communications between members of the Government's investigative team and employees of Cooperativa de Tabacaleros de Jujuy ("CTJ"), including Mr. Patricio Lyons;

   (b)    locate all of the investigative team's reports, notes, and other documents about its undercover investigation and its communications with employees of CTJ, including Mr. Lyons, whether written or oral; and

   (c)    describe any such communications that were not documented contemporaneously and explain why, in this specific case, these communications were not documented;

(2)    identifies any communications, reports, notes, or other documents within the scope of paragraph (1) that are no longer accessible to Agent Tarango or the Government and explains why those documents are no longer accessible;

(3)    states that Agent Tarango has provided the Government's counsel of record with copies of all reports, notes, and other documents within the scope of paragraph (1) that are in his possession; and

(4)     states whether Agent Tarango is aware of any information related to the communications described in paragraph (1) that has not been provided to the Government's counsel of record.

It is further **ORDERED** that, contemporaneously with the filing of Agent Tarango's affidavit, the Government shall file a notice stating whether or not it has withheld any of the information described in Agent Tarango's affidavit from Mr. Jin on the grounds that, in the Government's view, the information is not exculpatory or is otherwise not subject to disclosure.

It is further **ORDERED** that Mr. Jin's request for an evidentiary hearing is **DENIED WITHOUT PREJUDICE**.

The Court shall resolve the parties' remaining pretrial motions in due course, informed by the parties' forthcoming trial briefs.  To allow the parties to focus their attention on those briefs and continue their ongoing efforts to narrow disputes about their proposed jury instructions, it is **ORDERED** that the deadline for the parties to submit their proposed jury instructions and *voir dire* questions is **EXTENDED** to 12:00 p.m. ET on March 17, 2026.

**SO ORDERED.**

**Dated:** March 12, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge