**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | } | |
| | } | |
| **v.** | } | **Criminal No. 23-CR-91-CKK** |
| | } | |
| **GUANGHUA JIN,** | } | |
| | } | |
| **Defendant.** | } | |
| | } | |
| | } | |
| _____ | } | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**GOVERNMENT'S MOTION _IN LIMINE_ TO ADMIT**
<u>**EVIDENCE POST-DATING THE CONSPIRACY**</u>

Defendant Guanghua Jin, through counsel, respectfully submits this Response in Opposition to the government's Motion in Limine to Admit Evidence Post-Dating the Conspiracy. ECF 332.

**ARGUMENT**

The Court need not even reach the merits of the government's Motion, ECF 332, because it can, and should, deny the government's Motion on procedural grounds. The government has waived, not merely forfeited, the argument that the exhibits at issue are relevant to Han's mens rea, given its prior statements to the contrary. The Court may also deny the government's motion on the related but distinct doctrine of judicial estoppel. The government advanced a position at the first trial that is plainly inconsistent with its position on retrial. The Court took action in reliance on the government's position at the first trial. To allow the government to take a contrary position on retrial would permit the government to derive an unfair advantage.

Even judged on the merits, the government's Motion must be denied. Evidence purportedly showing that Han lied to _foreign_ banks, in _July_ and _November_ of 2019, in relation to _account_

*openings* (not transactions processed by U.S. banks), is hardly probative of the charged offenses. The government also failed to provide Rule 404(b) notice, despite being alerted to this issue during the first trial. ECF 199 at 9 (objecting to emails and attachments postdating the conspiracy because the government has not filed a Rule 404(b) notice). Meanwhile, admitting the proposed evidence would be unfairly prejudicial to Mr. Jin, given his justifiable reliance on the government's representation at the first trial. The government's belated decision to change course at this stage should not be allowed.

## I.    THE GOVERNMENT'S MOTION SHOULD BE DENIED ON PROCEDURAL GROUNDS

The Court may properly deny the government under either the principle of waiver, or the doctrine of judicial estoppel.

### A. The government waived the argument that Exhibit 148 is relevant to intent, knowledge, or coordination with Sim.

"Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S 725, 733 (1993)(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). "[Waiver] involves a "deliberate decision, to actively abandon an issue." *Walker v. United States*, 134 F.4th 437, 440 (6th Cir. 2025). The distinction matters because when a party waives, as opposes to merely forfeits, an argument, that argument is "extinguished" and a Court may not subsequently rely on it. *United States v. Anderson*, 604 F.3d 997, 1001 (7th Cir. 2010)("waiver extinguishes any error').

In *Walker*, the Sixth Circuit explained that "[a] party can intentionally forego an argument through strategic silence and steering the court in a different direction." 134 F.4th at 443. An express statement of waiver is not necessary. *Id.* at 440 ("[waiver] need not be explicit."). Thus,

2

in Walker, the government was held to have waived an argument on the timeliness of a habeas petition, when the defendant's petition acknowledged that it may be time-barred, and the government encouraged the trial court to decide the petition on the merits. *Id.* at 445-46.

Here, the government was aware of the specific ground for admissibility advanced in its latest Motion *in limine*. Defense counsel even explained it at the first trial: the emails might "show that Mr. Han was providing false or inaccurate information to the banks in July of 2019." Tr. 9/17/25 AM at 43. The Court understood it. *Id.* at 44 ("You're concerned about the argument that false information was given to the bank; is that correct?"). The government also "steered" this Court away from that argument, by expressly disclaiming it. *Id.* at 47 ("nor do I think it's relevant that after the time period of the conspiracy that Mr. Han might have lied to the bank."). It did so for a strategic reason: because the government was aware of its failure to give Rule 404(b) notice, and also the tension between advancing a theory that evidence of a co-defendant's conduct from July 2019 shows mens rea, while previously arguing and persuading the Court to exclude Mr. Jin's statements from July 2019 on the ground that such statements post-date the charged conspiracy. *Id.* at 39 ("We've asked for the Court to allow the statements from July, really three days after this meeting, three days afterwards.")

Here, the Court does not even need to "infer[] an intent to waive because the party must have known about an issue and yet failed raise it." *Walker*, 134 F.4th at 442-43. The government actually knew the argument, and deliberately abandoned it to admit Exhibit 148 on an alternative ground. That is a waiver. It should not be permitted to resurrect this waived argument for retrial.

**B. The government should be judicially estopped from arguing an inconsistent position.**

The Court may also deny the government's motion on the closely related doctrine of judicial estoppel.

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The doctrine of judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Id.; see also Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)("Judicial estoppel is most commonly applied to bar a party from making a factual assertion in a legal proceeding which directly contradicts an earlier assertion made in the same proceeding or a prior one.").

The doctrine of judicial estoppel "prohibit[s] parties from deliberately changing positions according to the exigencies of the moment." *United States v. Farrar*, 876 F.3d 702, 709 (5th Cir. 2017)(quoting *New Hampshire v. Maine*, 532 U.S. at 749-50). For judicial estoppel to apply, the party's position must be inconsistent with an earlier position, the party must have convinced the court accept the contrary, prior position, the party must have acted deliberately, and adopting the party's new position would allow the party to derive an unfair advantage. *Farrar*, 876 F.3d at 709.

The government's position now is plainly inconsistent with its earlier position. Tr. 9/17/25 AM at 47 ("nor do I think it's relevant that after the time period of the conspiracy that Mr. Han might have lied to the bank."). The government also convinced the Court to accept its earlier position. Tr. 9/17/25 PM at 47 ("we can redact the content, but we would just ask if the header can come in that says this is from Mr. Han to the bank and here is the attachments."); *Id.* at 48

(Court agreeing to admit a redacted version of Exhibit 148). The government acted deliberately, and to adopt the government's new position now would allow the government to derive an unfair advantage, because the government was able to admit an exhibit over Mr. Jin's objection at the first trial by arguing a contrary position.

## II.  THE GOVERNMENT'S MOTION SHOULD ALSO BE DENIED ON THE MERITS

Even if the Court is inclined to evaluate the government's motion on its merits, the motion should still be denied.  The proposed evidence lacks probative value, constitutes unnoticed Rule 404(b) evidence, and should be excluded as unfairly prejudicial and likely to confuse the jury under Rule 403.

### A. Evidence that Han ostensibly lied to *foreign* banks, *after* the charged conspiracy, for the purpose of *opening bank accounts* is not probative of any element of any charged offense.

At the first trial, AUSA Seifert candidly admitted: "nor do I think it's relevant that after the time period of the conspiracy that Mr. Han might have lied to the bank."  Tr. 9/17/25 AM at 47.  In one of the few rare instances in this case, the defense agrees with AUSA Seifert.  Evidence that Mr. Han lied to a foreign bank in July or November of 2019 is not relevant.

The first reason advanced by the government to admit this evidence is that it shows an "intent to defraud banks."  This is not a plausible theory of relevance.  The relevant "intent to defraud" that the government must prove at trial is an intent to defraud the U.S. banks that processed wire transfers for Winney.  Proof that Han lied to a foreign bank, after the charged conspiracy ended, for the purpose of opening a Winney account, does not make it any more or less likely that Han intended to defraud U.S. correspondent banks during the conspiracy period.  Fed. R. Evid. 401; *see also Shaw v. United States*, 580 U.S. 63, 64 (2016)("Shaw knew that the bank

possessed [the victim's account], Shaw made false statements to the bank, Shaw believed that those false statements would lead the bank to release from that account funds that ultimately and wrongfully ended up with Shaw, and the bank in fact possessed a property interest in the account."). Looked at a different way, the only chain of reasoning a jury can use to infer an intent to defraud U.S. banks is that Mr. Han's act of allegedly lying to a bank in Dubai shows that he has a dishonest character. That is the precise kind of inference prohibited under Rule 404(a).

The government's second theory, that this conduct shows knowledge of sanctions, is equally implausible. ECF 332 at 2. True, the conduct may show that Han was aware of the existence of sanctions on North Korea. But the defendants' general awareness of the existence of sanctions has never been disputed. *See Old Chief v. United States*, 519 U.S. 172, 184-185 (1997)(explaining that "a party's concession will sometimes "call for the exclusion of evidence offered to prove [the] point conceded by the opponent."). The relevant knowledge that is disputed, and which the government must prove, is knowledge that it was unlawful "to engage in financial transactions that involved U.S. banks." ECF 324 at 72 (Government's proposed jury instruction on "Willfully"). The government now agrees that this knowledge is necessary for a conviction on Counts Two through Six. *Id.* Proof that Han ostensibly hid Winney's North Korean clients from a UAE bank in July or November 2019 is not probative of his knowledge that U.S. sanctions laws prohibited U.S. banks from processing transactions for the benefit of North Korea.

The final theory of relevance is that this conduct showed "coordination" with Sim. ECF 332 at 2. Sim was the Foreign Trade Bank employee who allegedly directed the front companies to make payments in this case. But the only proof of "coordination" offered by Exhibit 148 is that

some of the same front companies that appeared in Sim's personal documents were listed as Winney customers.

The evidence does not show "coordination," only a "connection." And the government has ample evidence of this connection beyond the July and November 2019 emails from Han. These include, for example, numerous payment notices in CTJ records showing that the companies were paying CTJ on behalf of Winney, or U.S. correspondent bank wire transfer records showing that these companies sent money to Winney.

In short, the government's proffered theories of relevance are pretextual. The only purpose for introducing this evidence is to show Han's character. The Court should exclude the evidence as irrelevant.

### B.  The evidence should be also excluded under Rule 403.

The Court should also exclude the government's proffered evidence under Rule 403. Even, assuming, arguendo, that the proffered evidence showed Han's intent, knowledge, or coordination with Sim, it is intent, knowledge, and coordination in July and November of 2019, many months after the end of the charged conspiracy.

In the context of the Defendant's motion to admit Mr. Jin's statements from the Argentina meeting (also in July 2019), the Court recognized that a defendant's statements can be sometimes offered to prove the defendant's state of mind, but held that Mr. Jin's statements at the Argentina meeting were "not directly relevant to any of the offenses charged in this case" because the statements were "made well after the end of the period of the conspiracy charged in the indictment." ECF 192 at 12.   If Mr. Jin's state of mind in July 2019 is "not directly relevant to any of the

offenses charged," then it is difficult to see how Han's intent or knowledge in July and November of 2019 could be relevant to the charges against Mr. Jin.

### C. The government's late Rule 404(b) notice is prejudicial.

One of the purposes of a Rule 404(b) notice is to "reduce surprise."  Notes of the Advisory Committee to Rule 404 – 1991 Amendments.  The government asks the Court to treat its motion *in limine*, filed on March 19, 2026, as the requisite notice.  ECF at 3.  But the government ignores that the original pretrial scheduling order required Rule 404(b) notices in February 17, 2025 (i.e., more than a year ago), and its instant "notice" is filed on March 19, 2026, less than a week before trial.

To defend against the allegation that Han lied to banks in the UAE in July and November of 2019 in the course of opening bank accounts for Winney, defense counsel would have to investigate a number of issues.  First, defense counsel would have to investigate whether UAE banks would have in fact declined Winney's account application if Winney had listed a North Korean client.  Likewise, defense counsel would have to investigate alternative reasons for why Han might have omitted the North Korean clients.  Perhaps Han simply wanted to avoid bureaucratic delay in opening the account.  Or perhaps Han wanted to maintain Winney's public image for business reasons.  The government's belated Rule 404(b) notice unfairly deprives Mr. Jin of an opportunity to investigate those theories.

### D. If the evidence is admissible for a limited purpose, the jury should be appropriately instructed as to that purpose, and the government should be prohibited from making arguments contrary to the purpose for which the evidence is admitted.

Finally, assuming, arguendo, that this Court decides to admit Exhibit 148 (and similar exhibits) for some limited purpose identified by the government, then it should instruct the jury

accordingly, and also prohibit the government from making alternative arguments contrary to that purpose.  *See* Fed. R. Evid. 105 ("the court, on timely request, <u>must</u> restrict the evidence to its proper scope and instruct the jury accordingly.").

**CONCLUSION**

The Court should deny the government's motion.

Respectfully submitted,

By: /s/ Eugene Gorokhov
Eugene Gorokhov, Esq.
D.C. Bar No. 979785
Burnham & Gorokhov, PLLC
1634 I Street NW, Suite 575
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing motion was filed via ECF, which automatically sends a copy to all counsel of record.

Respectfully submitted,
By: /s/ Eugene Gorokhov
Eugene Gorokhov, Esq.
D.C. Bar No. 979785
Burnham & Gorokhov, PLLC
1634 I Street NW, Suite 575
Washington, D.C. 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

11